SAMUEL BOARDMAN, Administrator of BASIL PARO, *v.* WILLIAM H. KEELER.

Where a bond is executed, with a condition that it shall become absolute in case certain services are performed by the obligee within a specified time, and the obligee tenders performance of the services within the time, the refusal of the obligor to accept such performance will have the effect of actual performance, so far as to give to the obligee a right of action upon the bond.

Boardman, Adm'r, v. Keeler.

And if the bond, in such case, contain the farther condition, that it shall become void, in case the obligor, upon the performance of the services by the obligee, shall execute and deliver to the obligee a deed of certain land, a demand of the deed within a reasonable time after the obligee becomes entitled to it, and before action brought, if a demand be necessary to perfect the right of action, is sufficient.

And the obligor is not entitled to prove, as a defence to a suit upon such bond, that after the breach of the condition upon his part, and after suit brought therefor, he tendered to the obligee a deed of the land.

But an instruction to the jury, in such case, that the obligee is entitled to recover the value of the land at the time it should have been conveyed, with interest upon that value, is erroneous. There not having been a receipt by the obligor of the entire consideration of the conveyance, but only a refusal of a tender of services to be performed, the recovery should be restricted to the extent of the obligee's actual damages.

Where the services to be performed by the obligee, in such case, consist in the making of a specified number of pairs of boots, for which the obligor is to provide leather, the refusal of the obligor to furnish the leather is a breach of the condition upon his part, sufficient to work a forfeiture of the bond.

DEBT on bond, with general counts for work and labor. Plea, *non est factum,* with notice of special matter of defence, and trial by jury, March Term, 1846,—BENNETT, J., presiding.

On trial the plaintiff gave in evidence a promissory note, executed by the intestate, Paro, dated November 11, 1839, by which Paro promised to make for the defendant, and deliver at his store, sixty pairs of coarse boots by the first day of April, 1840,—sixty pairs by the first day of October, 1840, sixty pairs by the first day of April, 1841, and sixty pairs by the first day of October, 1841,—Paro to find pegs and wax, and the defendant " to find the rest of the stock." The plaintiff also gave in evidence the bond declared upon, which was in the penal sum of five hundred dollars, and to which there was a condition annexed, that if Paro should perform the services specified in the above note, and the defendant should, within ten days after " full payment" thereof, execute and deliver to Paro, or his assigns, a good and valid deed of certain premises, of which it was provided Paro might have the possession from and after July 1, 1840, then the bond should be void, and otherwise of force. The plaintiff also gave in evidence an assignment of the bond by Paro to Burnett & Sawyer, dated September 24, 1841.

The plaintiff also gave evidence tending to prove, that the three first instalments specified in the note were duly paid by Paro, and that he paid a portion of the last instalment; and that Burnett, one of the assignees of the bond, after the assignment, and while, by the terms of the contract, Paro had the right to make the boots, called upon the defendant, by request of Paro, and exhibited to him the bond, and informed him of the assignment, and inquired how many pairs of boots were still due upon the note; that the defendant told Burnett how many pairs remained due, and Burnett offered to make that number, if the defendant would furnish the leather; that the defendant replied, that he had not the leather and could not furnish it at that time, and that besides, by the contract, Paro had no right to convey the leather away, but was bound to cut it out at his house; that soon after this, and within the time allowed by the terms of the contract, Burnett again demanded of the defendant the leather, in order that he might make the boots, and that the defendant then furnished leather for but twelve pairs of boots, and refused to furnish leather for any more, although he had more leather on hand, and that he required that the boots should be cut out at his house, and said that " he might make the rest afterwards;" and that the twelve pairs were made and delivered within the time,—leaving thirty four pairs still due. The plaintiff's testimony also tended to prove, that Burnett had made arrangements for making the boots within the time specified, and that the neglect and refusal of the defendant to furnish the leather was the only reason why they were not so made.

The plaintiff also gave evidence tending to prove, that in September, 1842, after the defendant had commenced an action of ejectment to recover the posssession of the premises described in the bond, he tendered to the defendant fifty five dollars for the costs of that suit and for the boots not manufactured, and demanded of the defendant a deed of the premises,—and that the defendant refused to accept the tender and give a deed.

The defendant offered to prove, that after the commencement of this suit, and more than three days before the return day of the writ, he tendered to the plaintiff the costs, which had then accrued, and also a duly executed deed of the premises; to which evidence the plaintiff objected, and it was excluded by the court.

Testimony was given by each party as to the value of the premises agreed to be conveyed. No complaint was made by the defendant, but that such boots as had been delivered had been well made, and to his satisfaction; and no evidence was given tending to prove, that there was any good reason, why the defendant should not have furnished the leather upon reasonable request and notice.

The defendant insisted, that, as it appeared that the last instalment specified in the note had not been fully paid, according to the tenor and effect of the note, there could be no recovery upon the bond; and that there could be no recovery upon the counts for work and labor; and requested the court so to instruct the jury.

The court charged the jury, that there could be no recovery upon the general counts for work and labor; and that, to entitle the plaintiff to recover upon the bond, he must prove, that the several instalments specified in the note had been paid within the times respectively specified in the note, and according to the tenor and effect of the same, or show facts, which, in legal contemplation, would be equivalent to such payment; that if the jury were satisfied, that the three first instalments had been duly paid, and that, as to the portion of the last instalment remaining unpaid, the defendant was called upon to furnish the leather, to enable the plaintiff, or the assignees of the bond, to complete the payment within the required time, as the evidence tended to prove, and that, upon reasonable notice and request, the defendant neglected and refused to furnish the leather, and that the plaintiff, or his assignee, was thereby prevented from completing the payment within the time, being desirous to do so, this, in its legal effect, so far as it regarded the plaintiff's action upon the bond, was equivalent to a payment of so much of the last instalment, according to the tenor and effect of the note, and would give the plaintiff the same right with such payment; but that, unless the jury so found, the verdict must be for the defendant.

The jury were also instructed, that the evidence, as to the tender of $55,00 by the plaintiff, was of no importance to the plaintiff's rights, and could have no effect in the case, except so far as to show a demand for the deed before this action was commenced, and a refusal by the defendant to deliver it; and that, if a demand could be considered necessary, so far the proof of that fact was important, and no farther.

The court also instructed the jury, that, if they returned a verdict for the plaintiff, the rule of damages would be the value of the premises, at the time, when, by the terms of the contract, the defendant was bound to have made the conveyance, and interest from that time.

Verdict for plaintiff.    Exceptions by defendant.

*H. R. Beardsley* for defendant.

1. Unless Keeler was bound by the contract to deliver all the leather, when called for, he cannot be considered in fault. The case does not show, that it was necessary for Burnett to have the whole leather, when he made the last demand, in order to make the boots within the time;—if not, and there is nothing in the contract obliging Keeler to deliver the whole upon the first demand, he had a right to decline to comply with a demand for the whole, and it was the duty of Burnett to call again.

2. It is to be inferred from the case, that Burnett acquiesced in Keeler's proposition, "that he might make the rest afterwards," that is, after the contract had expired; if so, it becomes his duty to call again for the leather, and without doing so this suit cannot be sustained.

3. The proposition of Keeler to Burnett, that he might make the rest of the boots afterwards, and his assent to it, does not furnish a sufficient excuse for not performing the contract according to its tenor, or at least making demand of the leather at the time the twelve pairs of boots were delivered, because the time of performance of a condition precedent in a bond cannot be enlarged by parol agreement, so as to enable the obligee to maintain an action upon the bond. *Porter v. Stewart,* 2 Aik. 417.

4. The evidence as to the subsequent tender of the deed by the defendant was admissible, at least in mitigation of damages.

5. The proper rule of damages was the loss, or injury, which the plaintiff sustained by reason of the non-fulfilment of the contract,—which might be more or less than the value of the premises.

*Platt & Peck* and *A. Peck* for plaintiff.

1. A due demand of the leather was made. The duty of the defendant to deliver it on such demand and the duty of Paro to

11

Boardman, Adm'r, *v.* Keeler.

manufacture it, when so delivered, were dependent *conditions;* of which the duty of the defendant was a condition precedent. The refusal of the defendant, by preventing Paro from performing his duty under the contract, was a refusal to receive payment of the note according to its terms. The request and offer of Burnett were a tender of payment, and extinguished the note, and conferred upon him the same rights, which he would have had, if he had paid the note according to its tenor. *Hulbert* v. *Watts,* 1 Ld. Raym. 112. Dane's Ab. 187, *pl.* 13; Ib. 157, art. 4, *pl.* 2. *Peyto's Case,* 9 Co.79 *a.* *Slingerland* v. *Morse,* 8 Johns. 474. *Sheldon* v. *Skinner,* 4 Wend. 525. *Goodwin* v. *Holbrook,* Ib. 377. *La Farge* v. *Rickert,* 5 Wend. 187. *Lamb* v. *Lathrop,* 13 Ib. 96. *Barns* v. *Graham,* 4 Cow. 452. *Spencer* v. *Tilden,* 5 Ib. 144. 2 Kent 508. *Bixby* v. *Whitney,* 5 Greenl. 192. *Veazy* v. *Harmony,* 7 Ib. 91. *Robbins* v. *Luce,* 4 Mass. 475. *Weld* v. *Hadley,* 1 N. H. 295. *Wilt* v. *Ogden,* 13 Johns. 56. *Kemble* v. *Wallis,* 10 Wend. 375.

2. The plaintiff should recover, as damages, the value, which the land possessed, when the intestate should have received his deed, and interest thereon to the rendition of the verdict; as it is that value which the defendant withheld. *Shepherd* v. *Hampton,* 3 Wheat. 200. *Hopkins* v. *Lee,* 6 Ib. 109. The plaintiff should recover this value, without deducting what it would have cost to make the remaining pairs of boots, less the cost of the leather; otherwise the plaintiff would virtually be compelled to pay in money that which he should have been allowed to pay in labor and materials.

3. The defendant had forfeited his right to deed the land; and therefore the evidence as to the tender made by him was not admissible.

The opinion of the court was delivered by

ROYCE, Ch. J. It must be understood, that the failure to complete the work within the time limited by the contract was occasioned by the defendant's neglect and refusal to furnish the requisite supply of leather, after the same was called for and demanded by the assignee of the bond. We think, that no farther application for the leather was at all necessary. For the defendant's refusal, on the last demand, to furnish more than enough for twelve pairs of boots appears to have been wholly without excuse, and his remark, that the

rest of the boots could be made afterwards, evidently pointed to a time after the expiration of that limited by the contract. Such a proposition the other party might well reject. A compliance with it would have defeated an action on the bond, and perhaps have compelled him to resort to a court of equity for relief. There is not enough in the case to justify an inference, that he acquiesced in the proposition. It merely appears, that he called twice for the leather, and at the second call succeeded in getting part of it. The case, then, shows, in substance, a tender of the service according to the contract, and a refusal of it on the part of the defendant.

And the first question in the case regards the effect of this tender and refusal upon the rights and liabilities of the parties. A complete performance of the service, according to the terms of the contract, or something which the law will accept as a substitute for such performance, was certainly necessary, before the party could entitle himself to an action upon the bond. And it is claimed by the defendant, that a tender of the work could only furnish a defence to an action on the note, and that nothing short of actual performance could work a forfeiture of the bond. But we consider that the tender, wrongfully refused, should have the effect of actual performance, so far as to give a right of action on the bond. Otherwise, the obligor, by means of his own wrong, might always escape liability on such a bond. Moreover, the condition of the bond carries a necessary implication, that the defendant should furnish leather for the boots; since the obligee was only required to make them. This duty of the defendant expressly appears also by the obligee's note, which is referred to in the bond. The refusal to furnish leather was therefore a direct breach of the bond, and any breach was sufficient to work a forfeiture. The proper extent of recovery under these circumstances will be distinctly considered.

It is objected, that no sufficient demand of a deed was made upon the defendant. The bond required the deed to be given within ten days after payment of the note, and did not stipulate that any demand should be made for it. But if a demand were necessary to perfect the right of action, it seems to have been well made, being within a reasonable time after the party became entitled to the deed, and before action brought.

The defendant also insists, that he should have been allowed, at

least, in mitigation of damages, to show his subsequent tender of the deed. But after his deliberate breach of the contract, there must have been a time, when the other party was no longer bound to accept a performance of it. And since the offer was to show a tender of a deed after the defendant had brought ejectment for the land, and after the commencement of this suit, we are satisfied, that no benefit could rightfully be claimed from such a tender, and that the evidence was correctly excluded.

The remaining question arises upon the charge of the judge as to the measure of damages. It does not appear, that the defendant called for any particular instructions to the jury on this point; but he excepted to the charge given, and is entitled to have the judgment reversed, if the charge in this respect was erroneous. The jury were instructed to give the value of the land at the time it should have been conveyed, with interest upon such value. Such, in general, must obviously be the proper rule, where the entire consideration for the conveyance has actually been received by the party, who was to give the deed. So, likewise, where a tender of personal chattels has been duly made according to previous contract, in payment for the land;—because, by our law, such a tender passes the property in the chattels, even against the will of the party to whom they are tendered, so that in fact and law he has the consideration stipulated for. But a mere *tender of service* operates no actual benefit to the other party. And though, if he wrongfully refuse it, he may forfeit any consideration previously advanced in payment for the service, it is another question, whether he is bound to render the same prospective compensation, as if the service had in fact been performed. No principle of equal and exact justice would appear to indicate such a rule. The case of *Clark* v. *Marsiglia,* 1 Denio 317, is directly opposed to it; and that decision is sustained by the American notes to Smith's Leading Cases.

The just distinction is between a consideration already advanced for the service, and a payment to be made for it after performance. The first may probably be forfeited, by a wrongful refusal of the service when duly tendered. But in the latter case, though the party tendering the service will be entitled to sue upon the contract, yet the recovery should be restricted to the extent of his actual damages. In this case, as the land was to have been the compensation

Boardman, Adm'r, *v.* Keeler.

for the service, its value might well be deemed important in estimating the damages; especially, as the stipulated service had been mostly performed and the land nearly paid for. But it was only in proportion as the land had been paid for, that the value could properly be taken as a basis of calculation. For the residue it was an open question, as to what the party had lost by being prevented from completing the execution of his contract. We think the rule given in the charge was incorrect as applied to the case on trial, and for this error the judgment is reversed.