ONIAS PREBLE v. BISHOP BOTTOM.

*Abandonment of contract.*

The plaintiff contracted to do the carpenter and joiner work of the defendant's house, for which he was to receive $300.00; $100.00 of which was to be paid by the 1st of July and the remainder not until after the completion of the job, which was to be by the 15th of August. The defendant's neglect to pay the $100.00 on demand after the 1st of July was held to be a good cause for the plaintiff's abandoning the contract.

In such a case the plaintiff would be entitled to recover for the work done by him, a *pro rata* compensation according to the contract price.

BOOK ACCOUNT. In March, 1853, the plaintiff contracted to do all the carpenter and joiner work of the defendant's house, which he was to commence as soon as convenient that spring, and complete by the 15th of the following August, and the defendant agreed to pay therefor the sum of $300.00; $100.00 of which was to be paid by the 1st of July, and the remainder not until after the completion of the work. The plaintiff worked until the 14th of July, at which time he had performed one-fourth of the work contemplated by the contract. The defendant did not pay the $100.00 as stipulated in the contract, on the 1st of July; the plaintiff made a demand on him for it on the 11th, and again on the 14th of July, neither of which were complied with. The plaintiff thereupon abandoned the work and refused to proceed further with it, and the defendant was put to much trouble and expense in procuring the balance of the work done by other parties.

In adjusting the accounts of the parties the auditors found and reported that, if under the foregoing facts the plaintiff could not recover for the work done by him under this contract, there was a balance of $21.70 due to the defendant; if the plaintiff could recover, and was entitled to the sum, which was by the contract, to have been paid by the 1st of July, the balance in his favor would be $78.30; if he was entitled to recover only in proportion to the amount of work actually done, the balance in his favor would be $53.30; and if he was entitled to recover only what his services were under all the circumstances actually worth to the defendant, there was nothing due to either party to balance book accounts between them.

The county court, December Term, 1854,—PIERPOINT, J., presiding,—rendered judgment in favor of the plaintiff for $53.30.—Exceptions by the defendant.

*Briggs & Hyatt*, for the defendant.

The agreement of the defendant to pay $100 on the 1st day of July is independent. *Kettle* v. *Harvey*, 21 Vt. 301. *Couch* v. *Ingersoll*, 2 Pick. 292. *Pordage* v. *Cole*, 1 Saund. 320, Note 4. And the non-fulfillment of it gave the plaintiff an immediate right of action upon the contract without averring performance. See cases above cited. But does not entitle him to rescind the contract and recover *pro rata*. *Taylor* v. *Gallup*, 8 Vt. 340. *Kettle* v. *Harvey*, 21 Vt. 301. *Smith* v. *Smith*, 14 Vt. 440. Especially if it may be compensated for in damages. *Hammond* v. *Buckmaster*, 22 Vt. 375.

The plaintiff can recover only so much as his labor was worth to the defendant. *Myrick* v. *Slason*, 19 Vt. 121. *Dyer* v. *Jones*, 8 Vt. 205.

As long as the parties profess to proceed under a special contract no recovery can be had in *indebitatus assumpsit*. *Camp* v. *Barker*, 21 Vt. 469.

*A. A. Nicholson*, for the plaintiff.

There being an indebtedness and present obligation on the part of the defendant, *indebitatus assumpsit* might be sustained. *Mattocks* v. *Lyman*, 16 Vt. 113. *Weller* v. *Mc Carty*, 16 Vt. 98. And in such case, the action of book account is a concurrent remedy.

By the terms of the contract the sum of $100.00 was to be paid by the defendant on the 1st of July, 1853, and before the time when the contract was to be completed. This payment was not to depend upon the amount of labor that should be actually performed at that time, nor upon the ultimate completion of the job; but was an entirely independent undertaking to pay so much in part satisfaction of the stipulated consideration for the plaintiff's services. *Kettle* v. *Harvey*, 21 Vt. 301.

This contract, though entire in its terms, is divisible in its character, and admits of an action whenever a sum of money becomes due. *Mixer et al.* v. *Williams*, 17 Vt. 457.

The plaintiff is entitled to recover according to the rule contemplated by the parties in their agreement, which is made the basis of the second alternative in the report of the auditors. Any other rule would virtually defeat the contract made by the parties, and substitute another in its stead. *Harrington* v. *Wells*, 12 Vt. 505.

The cases where the plaintiff recovers only what his services were worth to the defendant are cases where the nonperformance of the contract is attributable in the first instance to the plaintiff's own act or neglect. *Dyer* v. *Jones*, 8 Vt. 205. *Gilman* v. *Hall*, 11 Vt. 510. *Blood* v. *Enos*, 12 Vt. 625. *Booth* v. *Tyson*, 15 Vt. 515. Here the first breach of the contract was by the defendant, and to it, the failure of the plaintiff to complete the job is attributable.

The opinion of the court was delivered by

BENNETT, J. The plaintiff abandoned the job before it was completed, and the first question is, had he good cause for so doing? The defendant was to pay one hundred dollars by the 1st day of July, 1853, and the remainder when the work was done. No payment was made on the 1st of July, by the defendant, and the plaintiff made a demand of the sum then due on the 11th, and on the 14th of July before he left the job, and the defendant still neglected to pay. The breach of the contract on the part of the defendant was a good reason why the plaintiff might, at his election, abandon it, if he chose so to do ; and indeed the nonpayment of the hundred dollars might have rendered it necessary for the plaintiff to abandon it. It is objected by the defendant that there can be no recovery, but we think otherwise, and common justice requires that there should be. The defendant was first in fault, and the breach of the contract on his part is a good excuse for plaintiff.

The recovery should be for a *pro rata* compensation according to the contract price, and this was the rule adopted by the county court. The defendant is not in a situation to claim a deduction for any extra expense or trouble to which he might have been subjected in getting the job completed, he being the only person in fault.

The judgment of the county court is affirmed.