Chamberlin et al. *v.* Scott.

---

MOSES R. CHAMBERLIN *and* JOHN SAWYER *v.* CYRUS J. S.
SCOTT.

### *Damages.    Contract.*

Where a party to a special contract for labor for which an entire sum was
agreed to be paid, has performed a part of the labor according to the terms
of the contract, and has been prevented from performing the balance by the
act or default of the other party, he may sue either on the contract to recover
damages for its breach, or in general assumpsit for the value of what he
has done.

If he sues on the contract, the measure of damages will be the proportion of
the whole contract price which the work performed bears to the whole work
contracted to be done.   He may also recover such other damages as he may
have sustained, as in providing means to perform the whole work, or in
losing a profit he would have made if allowed to complete the contract.

If he sues in general assumpsit for work and labor, his measure of damages
will be a reasonable compensation for the work actually performed; and
he will not in this case be limited to a *pro rata* share of the whole contract
price.

A contract for drawing timber and loading it upon railroad cars provided that
the whole job should be finished by the 15th of March then next ensuing,
the timber to be loaded on the cars by the party of the first part at such
times as the party of the second part should direct after the timber should
be drawn, provided the cars should be furnished by the railroad company;
*Held* that the meaning of the contract was that both the drawing of the
timber and the loading it upon the cars should be fully completed by the
15th of March.

ASSUMPSIT.   The declaration contained a general count for
work and labor, and also a special count upon the contract men-
tioned below, but claimed no damages beyond payment for the
work performed under the contract.   The defendant pleaded the
general issue and the case was tried by jury at the June term,
1859, BARRETT, J., presiding.

The plaintiffs introduced in evidence a written contract between
the parties, dated December 16, 1856, by which the plaintiff
agreed to draw for the defendant, from premises therein described,
a lot of pine timber, and deliver such portion of it as the defend-
ant should direct on board the cars at the Bradford depot, loaded
in a suitable manner to be transported to market, and deliver
the balance at one of the sawmills in Bradford as the defendant

should direct, " the whole job to be finished by the 15th day of March next, the timber to be loaded on the cars at such time as the said Scott (the defendant) shall direct after said timber shall be drawn, provided the cars shall be furnished by the railroad company." In consideration of which the defendant agreed to pay the plaintiffs for drawing and loading on the cars two dollars and fifty cents per thousand feet (board measure,) and for drawing to the mill two dollars per thousand feet, like measure.

The plaintiffs gave evidence tending to show that they completed the drawing of all the timber mentioned in the contract before March, 1857, that the defendant did not furnish cars upon which the timber drawn to the depot could be loaded until after the 15th of March, and for this reason they did not load it ; and that from the time they finished drawing until after the 15th of March they had men and teams enough and were in readiness to load, and would have loaded the timber upon cars by the time fixed in the contract, if the cars had been furnished within that time.

The defendant claimed that by the terms of the contract, the plaintiffs were bound to load the timber drawn to the depot upon the cars within a reasonable time after the 15th of March, if the cars were furnished, provided the neglect to furnish them at an earlier date was the fault of the railroad company ; and offered evidence tending to show that he made efforts in due season prior to the 15th of March, to obtain the cars of the company, but the company neglected to furnish them until the 12th of April, when they were furnished, and the plaintiffs were then notified by the defendant and requested to load the timber, which they refused to do, and the defendant then loaded it himself at an expense of one hundred and thirteen dollars and ninety-two cents, which was as cheap as it could well be done. This evidence was objected to and excluded by the court ; the court deciding that the plaintiffs were under no obligation to load the timber after the 15th of March ; to which decision the defendant excepted.

Evidence was introduced by both parties tending to show what it would have cost the plaintiffs to have loaded the timber prior to the 15th of March.

6

The defendant requested the court to charge the jury that the plaintiffs could not in any event recover more than the balance of the whole contract price for drawing and loading the timber, which should remain after deducting what it would have cost the plaintiffs to load it. The court declined so to charge, and the defendant excepted.

The court instructed the jury that the plaintiffs were not entitled to recover beyond the whole contract price for drawing and loading; that having drawn the timber to the depot pursuant to the contract, if they were prevented by the defendant's not furnishing cars within the stipulated time, from fully performing the contract by loading the timber, they were entitled to a fair compensation for drawing it to the depot; that if the expense to the plaintiffs of drawing and loading the timber would, by reason of the expense of loading it, have exceeded the contract price of two dollars and fifty cents per thousand feet, then that excess should be deducted from the contract price, but only to such an extent as to leave the plaintiffs a fair compensation for drawing it. To the foregoing charge the defendant excepted.

Verdict for the plaintiffs.

*A. M. Dickey, C. B. Leslie* and *Peck & Colby*, for the defendant.

*Ormsby & Farnham* and *P. Dillingham*, for the plaintiffs.

ALDIS, J. I. The true meaning of the contract was that the drawing and carring of the timber should be fully completed on the 15th of March. The proviso was put in not to enlarge the time for carring the timber beyond March 15, but to enable the defendant to require it to be carred at any time during the winter after it was drawn, if his interest and the condition of the market might require.

II. Where there is a special contract for labor and an entire sum to be paid therefor, and the plaintiff has performed a part according to its terms, and has been prevented from performing the whole by the act or default of the defendant, he may sue either on the contract to recover damages for the breach of it, or in general assumpsit to recover for the value of what he has done.

If he sue on the contract he must set it forth specially, and then his damages for what he has done under it must be regulated by the contract price, and he will recover such a proportion of the whole contract price as the work he has done bears to the whole work to be done under the contract. And in such a suit he may recover whatever other damages he may have sustained by the defendant's breach of the contract—as for instance, if the contract were a profitable one, the profit he would have made by being allowed to complete the contract, and the damages he may have incurred in providing labor and means to perform the residue.

If he choose to waive the contract and sue in general assumpsit for work and labor (which he may do when he has been prevented from completing the contract by the act or default of the other party) then his measure of damages will be a reasonable compensation for the work actually performed. He is not then limited to recover a *pro rata* share of the contract price.

These principles have been recognized in this State. See *Derby et al.* v. *Johnson et al.*, 21 Vt. 18, where Judge HALL directly sets forth the rule and refers to decisions in support of it in this state and elsewhere. The opinion of Judge ROYCE in *Boardman, administrator* v. *Keeler*, 21 Vt. 84, recognizes the rule as we have here stated it, when the action is on the contract. In the American notes to Smith's Leading Cases, Vol. 2, p. 38, *et seq*, there is a full collection of the American authorities on the subject, and they seem generally to concur in the same principles.

Here there is a special count upon the contract and a general count for work and labor. The plaintiff does not appear to have claimed damages for holding himself, his servants and teams in readiness to car the timber, nor does he set forth any special damage in his declaration. The court charged the jury that the plaintiff was entitled to recover a fair compensation for his work in drawing the lumber, provided that such compensation did not exceed the whole amount of the contract price. No claim appears to have been made by the plaintiff or alluded to by the court for any other damages.

The damages, viz: fair compensation for the work actually done, the plaintiff was entitled to under the general count. He had the right to waive the contract and proceed upon the

*quantum meruit;* and as he appears to have done so, the charge of the court was correct.

In *Preble* v. *Bottom,* 27 Vt. 249, the question did not arise whether the rule of damages should be a fair compensation for the work done, or a *pro rata* compensation according to the contract price; nor does it appear which would have been the rule most favorable to the defendant. The question there raised was whether a *pro rata* compensation according to the contract, or what the plaintiff's labor was worth to the defendant, upon the ground that the plaintiff had failed to perform, should be the measure of damages. That decision therefore does not apply to this case.

Judgment affirmed.