## CHAMBERLIN v. BOOTH & McLEROY et al.

Where a building contract, in which there is a damage clause for non-performance by a certain time, provides for payment by the owner of monthly estimates, any delays caused by the wrongful withholding of the same are excused. The wrongful withholding of the payment of the monthly estimates does not excuse performance within the stipulated time, unless such conduct prevents performance, nor relieve the builder from damages where the delay in completion of the house is due to other and independent causes.

FEBRUARY 17, 1911.

Equitable petition. Before Judge Brand. Clarke superior court. December 21, 1909.

*Thomas F. Green* and *W. M. Smith,* for plaintiff.

*T. S. Mell,* for defendants.

EVANS, P. J. An owner of land employed builders to erect a storehouse. The contract between them was reduced to writing, and by its terms the builders agreed to construct the house for $9,241, of which sum $1,000 was to be paid from the salvage of an old house, which was to be torn down to make place for the new structure. The builders agreed to construct the house according to attached plans and specifications, and to complete the same on or before December 1st, 1907. "If however said building is not completed on or before Dec. 10th, then the said [builders] shall forfeit to the said [employing landowner] the amount of $5.00 per day, which sum shall be deducted from this contract price." The contract provides that at the end of each month the superintendent of the building shall make an assessment of the amount of the work done and material furnished during the past month, and the owner agrees to pay to the builders the amount of such assessment, less ten per cent.; provided, however, that all of the material and labor shall have been paid for when the assessment is made, or that said assessment shall be applied in payment of the labor and material up to the time of the assessment. The building was completed, but not within the time limited in the contract. In a suit between the builders and the owner, the latter asserted a claim for damages for failure to complete the house within the contract time, computed at $5 per day; and in the alternative, that, if the sum mentioned in the contract be construed to be a penalty and not recoverable, she should have damages for a reasonable rental for the time intervening between the time the builder contracted to com-

plete the house and the time it was delivered to the owner. The builders contended that the owner failed to pay the installments as the building progressed, according to the contractual stipulation, and that such failure relieved the builders from the obligation of completing the house within the time limited by the contract. The court instructed the jury that if the owner failed to make the payments in the manner and at the time provided by the contract, the builders "would be relieved from any obligation to deliver the building in any given time according to the terms of the contract, and they would not be liable to [the owner] for any damages . . suffered on account of this delay in completing the building."

The contract of the parties contemplated the construction of a house and was an entire and indivisible contract. It was none the less an entire contract because of the owner's engagement to pay for its erection in installments as the work progressed. 3 Page on Contracts, § 1493; *Hunnicutt* v. *Van Hoose,* 111 *Ga.* 518 (36 S. E. 669). The parties incorporated in their contract certain covenants; the dependence or independence of which is to be determined by the sense and meaning of the contract. As a general rule, but subject to many exceptions, where a contract requires successive steps to be taken by the respective parties, the covenants which relate to the taking of these steps are mutual and dependent. Bishop on Contracts, § 827. As was observed by Chancellor Kent in discussing the general nature of a building contract: "A mechanic generally stands in need of advances from time to time, in aiding him to procure materials to carry on his work; and the employer, if prudent, will generally reserve a considerable payment until the work be completed and to depend on such completion. But if all these payments can be demanded without performance, merely because a part of them were to be made as the work advanced, it would be making the intention of the parties subservient to technical rules." *Cunningham* v. *Morrell,* 10 Johns. 203 (6 Am. Dec. 332). It does not follow, in every case of mutual and dependent covenants, that upon a failure of one party to perform his covenant the other party will be exonerated or excused from performing his covenant. Before partial failure of performance of one party will excuse the other from performing his contract or give him a right of rescission, the act failed to be performed must go to the root of the contract. *Lewis* v. *Chis-*

*holm,* 68 *Ga.* 45. In an English case it was said that there can not be a rescission from partial failure of performance where there may be compensation in damages. Franklin *v.* Miller, 4 Ad. & E. 599. In other cases it has been held that conduct evincing an intention to no longer be bound gives to the other party the right of rescission. In the case at bar the covenants of the parties related to the erection of a house. The intention of the covenants of the respective parties converged to a common object. The time in which the building was to be erected was of the essence of the contract, but that covenant did not contemplate that a violation of it should justify the employer in withholding from the builders all unpaid installments. This is true because the contract reflects the intention of the parties that the redress for the violation of this covenant is not a forfeiture of unpaid installments but of $5 per day for the delay. *Lewis* v. *Chisholm,* supra. Nor will its violation relieve the builders of damages, unless their performance was prevented or made impossible by the act of the other party, or by other cause recognized by the law as an excuse for non-performance. The builders did not attempt to rescind the contract because the monthly estimates were not promptly paid, but completed the building. Where a building contract, in which there is a damage clause for non-performance by a certain time, provides for payment by the owner of monthly estimates, any delays caused by the wrongful withholding of the same are excusable. Wright *v.* Meyer (Tex. App.), 25 S. W. 1122; 1 Beach on Contracts, § 113. This is the rule applicable to the case at bar. The instruction of which complaint is made is much broader, and allows a total release from all damages, whether the delay resulted from the failure to pay the monthly estimates, or from other and independent causes. For this reason the charge was erroneous, and a new trial must be had.

*Judgment reversed. All the Justices concur.*