TICHNOR BROTHERS *v.* JOSEPH EVANS. ·

Special Term at Rutland, November, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed February 25, 1918.

*Contracts—Breach—Damages.*

In a contract of sale of certain merchandise, the breach of a stipulation that the vendor would not sell like merchandise to any of the vendee's competitors in trade will not justify the vendee in refusing to pay the contract price, since the breach does not go to the essence of the contract, but only to a part of the consideration, and may be compensated for in damages.

When a contract has been partly performed by one party, and the other has derived a substantial benefit therefrom, the latter cannot refuse to comply with its terms simply because the former fails of complete performance.

ASSUMPSIT. Plea, the general issue. Trial by court at the June Term, 1917, Bennington County, *Slack*, J., presiding. Judgment for plaintiff. Defendant excepted. The opinion states the case.

*Holden & Healy* for defendant.

*Collins M. Graves* for plaintiffs.

POWERS, J. In the spring of 1914, the plaintiffs, through their traveling salesman, Pierce, sold the defendant a bill of

goods which included the post card sets here in controversy. At the time of the sale, Pierce told the defendant that if he would buy the sets at the price named, he, Pierce, would not sell like sets to any one else in the town. Upon this assurance, the defendant made the purchase. The plaintiffs did not keep this agreement, but at sometime during the following winter, they sold similar sets to one of the defendant's competitors doing business on the same street. The defendant learned of this about the first of June, 1915, but said or did nothing about it until some two years later and just before the trial below. The suit is brought to recover the balance due on the goods sold, and is defended on the ground that the plaintiffs, having broken the contract in the particular named, are not entitled to recover anything under it.

The trial below was by the court, and it is recited in the findings that there was no evidence from which a determination could be made as to the amount of damage the defendant had suffered by reason of the above mentioned breach of the contract by the plaintiffs. Therefore, the court assessed such damage at one dollar, deducted it from the amount due the plaintiffs, and rendered judgment for the latter for the balance, with interest thereon. To this the defendant excepted. So the only question before us is: Were the plaintiffs entitled to recover anything on the facts found?

The defence is predicated upon the doctrine, frequently approved by this Court, that a breach that goes to the essence of the contract operates as a discharge of it. This rule will not avail the defendant. It is not every breach that goes to the essence. It gives rise to an action for damages, but it does not necessarily justify a refusal to perform. Where, as here, the stipulation goes only to a part of the consideration, and may be compensated for in damages, its breach does not relieve the other party from performance. In such cases, the broken promise is an independent undertaking and not a condition precedent. *Kauffman* v. *Raeder,* 108 Fed. 171, 47 C. C. A. 278, 54 L. R. A. 247; *Lowber* v. *Bangs,* 2 Wall. 728, 17 L. ed. 768. See *Rioux* v. *Ryegate Brick Co.,* 72 Vt. at p. 155, 47 Atl. 406. In order to operate as a discharge or give rise to a right of recission, the partial failure to perform must go to the very root of the contract. *Chamberlin* v. *Booth,* 135 Ga. 719, 70 S. E. 569, 35 L. R. A. (N. S.) 1223. *Keenan* v. *Brown,* 21 Vt. 86, is a case of

partial failure of performance, and it was held that the defendant therein was not absolved thereby, and was only entitled to recover his damages.

Moreover, when a contract has been partly performed by one party, and the other has derived a substantial benefit therefrom, the latter cannot refuse to comply with its terms simply because the former fails of complete performance. *Kauffman* v. *Raeder, supra;* 13 C. J. 659. ''Where a person has received a part of the consideration for which he entered into the agreement,'' says Mr. Serjt. Williams, ''it would be unjust that, because he has not had the whole, he would therefore be permitted to enjoy that part without either paying or doing anything for it.'' 1 Saund. 320 d. *Hammond* v. *Buckmaster*, 22 Vt. 375, is a case of this class, and it was therein held that, inasmuch as each party had received a partial benefit from the contract and could not be placed in *statu 'quo*, the defendant would have to perform the contract, seeking his damages for the plaintiff's breach by cross-action. These holdings are decisive of the case in hand. The stipulation in question was only a part of the consideration of the defendant's undertaking; was subordinate and incidental to its main purpose; its breach is compensable in damages; and the defendant obtained and now holds a substantial benefit under the contract. Other questions argued need not be considered. The judgment below is without error and is

<div align="right">

*Affirmed.*