ROBERT D. TEMPLE *v.* RAYMOND S. DUFFY ET AL.

January Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 17, 1922.

*Motion to Set Aside Verdict—Discretion of Court—Contract—*
*When Tender of Performance Unnecessary—Motion to Set*
*Aside Verdict Properly Overruled—Exceptions too General*
*for Consideration—Instructions to Jury—Harmless Error.*

1.  The refusal of the trial court to set aside a verdict and grant a
    new trial on the ground that the verdict was against the great
    weight of the evidence, was not an abuse of discretion and will
    not be disturbed where the evidence was conflicting, and its
    weight depended upon the credibility of the parties and wit-
    nesses.

2.  Where a buyer, under a yearly contract to purchase milk, notified
    the seller that after a certain date, which was before the ex-
    piration of the year, no further deliveries would be accepted,
    the law did not require the buyer to continue the tender of
    performance after the date set, as an essential to his right of
    action for breach of the contract.

3.  In an action by plaintiff for failure of defendant to accept milk
    under a contract, a motion to set aside a verdict for plaintiff
    on the ground that the milk supplied by plaintiff was un-
    merchantable and illegal in that it did not contain the strip-
    pings, was properly overruled, where the evidence was conflict-
    ing, and the issue was submitted to the jury under instructions
    to which no exception was taken.

4.  An exception to the failure of the court to charge according to
    certain numbered requests, by reference to numbers only, is
    too general to avail.

5.  Where the jury were instructed that, if defendant had in the past
    accepted and paid for milk furnished by plaintiff which was
    unfit for sale, such conduct would constitute a waiver of breach
    of warranty as to quality, provided at such times, defendant
    had knowledge of such unfitness, and defendant excepted on
    the ground that there was no evidence that he had such

knowledge—*held*, that, if error, it was harmless, because the proviso, in such circumstances, prevented the finding of a waiver.

ACTION OF CONTRACT. Pleas, the general issue and breach of contract by plaintiff. Trial by jury at the March Term, 1921, Rutland County, *Moulton*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*John S. Dorsey* and *Clayton H. Kinney* for the defendant.

*Jones & Jones* and *Walter S. Fenton* for the plaintiff.

WATSON, C. J. The plaintiff is a farmer and dairyman, chiefly employed in producing whole milk from his dairy. The defendant is a dealer in whole milk, engaged in purchasing, re-selling and delivering the same to consumers, and to others to be sold to consumers, all of which was well known to the plaintiff.

The plaintiff demands damages for the breach of an alleged verbal contract—which contract his evidence tended to show— by which he agreed to sell and deliver to the defendant, and the defendant agreed to purchase and receive from him, all the whole milk produced from the plaintiff's dairy during the period of one year, beginning August 15, 1920, at an agreed price per hundred pounds during certain specified months, and at another agreed price during the other months.

It appeared that the plaintiff delivered to defendant milk from his dairy from the day above named to January 26, 1921, inclusive, and received payment therefor; that on the 19th day of the last named month defendant notified plaintiff that after the 26th of that month, he would receive no more milk from the plaintiff; and that after the latter date no milk was delivered or tendered by plaintiff to the defendant.

Defendant's evidence tended to show that the contract or understanding, under which the milk was to be and was delivered to him by plaintiff, contained no provision as to duration, nor as to the price to be paid; and defendant therefore claimed that the contract might be terminated by either party upon reasonable notice, and was so terminated by him on the 26th day of January, 1921; and he also claimed that his evidence tended to show

that the milk from plaintiff's dairy was, during all the time it was delivered to him, dirty and unfit to be sold and delivered to consumers, in that it contained foreign animal and vegetable matter, and did not contain all the strippings, so-called, as required by law, from the cows from which the milk was taken, and that the milk was below the standard as to cream and butter fat; further claiming that by reason of such dirty and unfit quality of the milk, he might properly terminate the contract or agreement, notwithstanding the terms thereof should be found to be as claimed by the plaintiff.

Defendant's evidence further tended to show that during some or all of the time the plaintiff was delivering milk to defendant, part of the strippings from the cows from which the milk was taken, was used by plaintiff and his employees, and was not mixed with the milk so delivered, and that such fact was not known to defendant until after the 26th day of January, 1921. Defendant claimed that if a part of the strippings were retained by the plaintiff and his employees, and were not in the milk offered or delivered by the plaintiff to the defendant, no recovery could be had in this action.

The evidence of the plaintiff tended to show that in some instances the cows, when milked by the machine, did not give all their milk, and it was necessary to complete milking them by hand; that there were at times from one to three or four cows which could not be milked by the machine, but were milked into the same pail into which other cows had been stripped; that at times the milk provided for the employees was taken from this pail, at times it was taken from the milk cans, and at other times some was taken from the pail and some from the cans, but that the plaintiff himself was wholly ignorant of this fact; and that at no time was any considerable portion of the strippings taken by the employees.

The jury returned a general verdict for plaintiff to recover $565.50 damages, divided into special verdicts as follows: For damages from January 27, 1921, to March 1st, $313.00; for damages accruing and to accrue between March 21st and August 15th, $192.50. And to cover item of depreciation of separator, $60.00. The defendant seasonably moved that the verdicts, general and special, be set aside and a new trial granted (first four assigned grounds), for that they were against the great weight of the evidence; the fifth, that there was no evidence tending to

show that the plaintiff offered to perform his part of the contract at and after the time when defendant required him to cease delivering milk; and sixth, that the undisputed evidence shows that the plaintiff at and prior to the time defendant refused to accept his milk, without the knowledge or consent of the defendant, was delivering and offered to deliver milk which was unmerchantable and illegal for either the plaintiff or defendant to sell. The motion was overruled and exception saved.

[1] Defendant argues that it was an abuse of the court's discretion not to grant the motion on the ground of the first four assignments, as the finding of the jury that the contract was for a year and at an agreed price, was clearly against the great weight of the evidence. However, an examination of the transcript shows much conflict in the evidence bearing on this ground of the motion; and there was sufficient in support of the plaintiff's claim as to the terms of the contract, to warrant the findings made. It was peculiarly a case where the jury was called upon to decide upon the credibility of the parties and witnesses in giving testimony, in other words, upon the weight of the evidence given by them, respectively. The record discloses nothing taking the case out of the general rule that the discretionary action of the trial court in disposing of such motions will not be disturbed in review. *French* v. *Wheldon,* 91 Vt. 64, 99 Atl. 232.

[2, 3] As to the fifth ground of the motion, it appearing that on January 18th, defendant notified the plaintiff that after the 26th day of that month, he would receive no more milk from the plaintiff, the law did not require the latter to go through the useless formality of offering to continue in the performance of the contract, as essential to his right of action for defendant's breach. *Amsden* v. *Atwood,* 68 Vt. 322, 35 Atl. 311; *Davis* v. *Bowers Granite Co.,* 75 Vt. 286, 54 Atl. 1084. And as to the sixth ground, it seems from defendant's brief that the unmerchantable and illegal quality of plaintiff's milk, in fact constituting that ground of the motion, was that it did not contain the strippings. The evidence touching this question was conflicting, the same being submitted to the jury in a manner not excepted to, as follows: "The defendant claims in particular that the strippings of the milk had been kept back and were not in the milk when it was delivered him, as the statute requires. As to this, if you should find that that date the plaintiff supplied

milk from which that part which is known as the strippings had been retained without the knowledge of the defendant, and refused to deliver milk otherwise than that, then the defendant was justified in rescinding the contract. But this suit is not a suit on that statute, and so for the purpose of this case I say to you, that if sufficient of the strippings had been retained so that the quality of the milk was not materially different from what it would have been, if all the strippings had been retained, then there was not any breach of the (implied) warranty in this respect.'' There was no error in overruling the fifth and sixth grounds of the motion.

[4] Defendant presented 14 requests to charge. Exception was taken to the failure of the court to comply with the 8th, 9th, 10th, and 11th, inclusive, and each of them. To the charge given on the subject-matter of these requests no exception was taken. The exception saved to the noncompliance with those four requests is too general to avail. *In re Bean's Will*, 85 Vt. 452, 82 Atl. 734; *Bristol* v. *Bristol R. R. Co.*, 91 Vt. 223, 100 Atl. 37; *Goodwin* v. *Barre Savings Bank,* 91 Vt. 228, 100 Atl. 34.

[5] The court instructed the jury in part as follows: ''But the fact, if you find it to be a fact, that on certain occasions in the past the plaintiff furnished milk that was unfit for sale, which the defendant accepted and paid for, and kept on taking milk, will not excuse the defendant in his refusal to take any more; because in this instance he waived the breach of the warranty, and he cannot now insist upon it; provided, of course, he did so knowingly and knowing about the condition at the time he accepted it and paid for it, that it was unfit milk.'' To this defendant excepted on the ground that there was no evidence tending to show that he had knowledge that the strippings were retained from the milk until after the alleged breach. It is enough to say of this exception, that if, as stated therein, there was no evidence of such knowledge on his part, he was not harmed by the instruction so far as it had reference to accepting and paying for milk, not containing the strippings, for in such circumstances a waiver, based on such acceptance and payment, was impliedly negatived by the proviso, and must have been so understood by the jury.

*Judgment affirmed.*