UDO PEIST *v.* C. M. RICHMOND ET AL.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, and SLACK, JJ.

Opinion filed October 3, 1923.

*Assumpsit—Recovery Under General Counts—Contracts—Building Contract—Entire Contract—Effect of Failure to Pay Installment When Due—Right of Abandonment—Election of Remedies—Damages.*

1. Plaintiff, a building contractor, had a written contract with defendant to build him a home for a specified sum, payable in installments as therein provided, one of which the defendant wrongfully refused to pay when due, *held* that plaintiff could not recover such overdue and unpaid installment in an action of contract wherein the general counts in assumpsit constituted the complaint.

2. A building contract, providing for a finished structure and for a gross sum for the work as a whole, is an entire contract, and not made divisible because the price for the work is made payable in installments.

7

3. Under such a contract, defendant's failure to pay according to its terms was a breach of the contract that went to its essence, and the plaintiff, not being in default, had a right to treat the contract as terminated and seek his remedy in the courts without further performance.

4. Such a right of abandonment differs from the right of rescission in that the contract may still be resorted to by the party not in default for the recovery of his damages.

5. Under an entire contract for the erection of a building, payable in installments, when an installment is not paid on becoming due the contractor may either sue upon the contract and recover his damages for its breach, or, disregard the contract and sue in general assumpsit for a reasonable compensation.

6. Under such a contract, if, on failure in the payment of an installment when due, the contractor sues upon the contract to recover damages for its breach, he must declare upon the contract, and his damages will be regulated by the contract price.

7. Under such a contract, if, on failure in the payment of an installment when due, the contractor sues in general assumpsit, the contract price does not control his damages, and he recovers *quantum meruit.*

ACTION OF CONTRACT to recover an overdue and unpaid installment under a building contract. Plea, the general issue. Trial by jury at the December Term, 1922, Caledonia County, *Butler,* J., presiding. At the close of the plaintiff's case the court directed a verdict for the defendant and judgment was entered thereon. The plaintiff excepted. The opinion states the case. *Affirmed.*

*Porter, Witters & Longmoore* for the plaintiff.

*Searles & Graves* for the defendant.

POWERS, J. [1] These parties entered into a written contract by the terms of which the plaintiff was to build a house for the defendant for a specified sum, payable in installments as therein provided. For present purposes, it may be stated broadly that one of these installments fell due, and that the defendant wrongfully refused to pay it, and refused to go on under the contract except upon an unwarranted condition. There-

upon, the plaintiff abandoned the work and brought this action of contract using the common counts as his complaint. At the close of the plaintiff's evidence, the court granted the defendant's motion for a verdict, and the plaintiff excepted. During the discussion of this motion, the plaintiff expressly declined to seek a recovery on a *quantum meruit* basis, and limited his claim to the overdue and unpaid installment; and he adheres to this position in this Court. In these circumstances he cannot maintain his suit.

[2] He concedes that his right to so recover, depends upon the divisibility of the contract. But the contract, being for a finished structure for a gross sum for the work as a whole, and its complete fulfillment being manifestly contemplated by the parties as the basis of their arrangement, is an entire contract, and is not made divisible by the fact that the price for the work is payable in installments. This is sufficiently shown by *Creamery Package Mfg. Co.* v. *Russell,* 84 Vt. 80, 78 Atl. 718, 32 L. R. A. (N. S.) 135. There, as here, the contract called for the construction of a completed building for a fixed price payable in installments as the work progressed. "The price for the whole work," says Chief Judge Rowell, "was $1,500, payable in installments as the work progressed; but the entirety of the contract was not thereby severed and the price apportioned to the different parts of the work, but the whole price remained as the consideration for the complete performance by the defendant," —the builder. And this is generally so held. *Freeman* v. *Campbell,* 22 Ga. 184; *Chamberlin* v. *Borth,* 135 Ga. 719, 70 S. E. 569, 35 L. R. A. (N. S.) 1223; *Bridgeport* v. *Scott Co.,* 94 Conn. 461, 109 Atl. 162; *Butterfield* v. *Byron,* 153 Mass. 517, 27 N. E. 667, 12 L. R. A. 571, 25 A. S. R. 654; *McConnell* v. *Corona City Water Co.,* 149 Cal. 60, 85 Pac. 929, 8 L. R. A. (N. S.) 1171.

[3] The defendant's failure to make the payment called for by his engagement was a breach of the contract that went to its essence. The situation thus presented to the plaintiff did not, in the respect here involved, differ from what it would have been if the defendant had prevented him from carrying out the contract, as in *Derosia* v. *Ferland,* 83 Vt. 372, 76 Atl. 153, 28 L. R. A. (N. S.) 577, 138 A. S. R. 1092, or had put it out of his own power to perform, as in *White* v. *Lumiere North America Co.,* 79 Vt. 206, 64 Atl. 1121, 6 L. R. A. (N. S.) 807, or had positively and unequivocally refused to perform, as in *Temple* v.

*Duffy,* 96 Vt. 114, 117 Atl. 101, or had refused to perform except upon a condition that he had no right to impose, as in *Amsden* v. *Atwood,* 68 Vt. 322, 35 Atl. 311, he, not being in default, could treat the contract as terminated, and without further performance, seek his remedy in the courts. *Preble* v. *Bottom,* 27 Vt. 249; *Rioux* v. *Ryegate Brick Co.,* 72 Vt. 148, 47 Atl. 406; *Auer* v. *Robertson Paper Co.,* 94 Vt. 473, 111 Atl. 570.

[4]  This right of abandonment is, not infrequently, spoken of as the right of rescission. It was so characterized at the argument; which prompts us to suggest, in passing, that technically it differs from the right of rescission in that the contract may still be resorted to by the party not in default for the recovery of his damages. *Earnshaw* v. *Whittemore,* 194 Mass. 187, 80 N. E. 520; *DeMille Co.* v. *Casey,* 115 Misc. Rep. 646, 189 N. Y. S. 275; *Anvil Mining Co.* v. *Humble,* 153 U. S. 540, 38 L. ed. 814, 14 Sup. Ct. 676.

[5-7]  When the plaintiff was ready to bring his suit, he had a choice of remedies: He could sue upon the contract and recover his damages for its breach; or, disregarding the contract, he could sue in general assumpsit for a reasonable compensation for what he had done. *Chamberlain* v. *Scott,* 33 Vt. 80. But if one pursues the first-named remedy, he must declare upon the contract, and his damages will be regulated by the contract price. While if one selects the last-named remedy, the contract price does not control his damages, and he recovers *quantum meruit. Id.* That the declaration must be upon the contract if it is to be made the basis of recovery, is shown, not only by the case above cited, and the cases therein referred to, but also by *Derosia* v. *Ferland, supra,* and cases cited. Whatever may be found to the contrary in *Boville* v. *Dalton Paper Mills,* 86 Vt. 305, 85 Atl. 623, is to be disregarded.

Our conclusion that the plaintiff cannot recover the overdue installment is supported by *Preble* v. *Bottom, supra.* That case involved a building contract essentially like the one we have in hand. The plaintiff there agreed to build a house for the defendant for a specified sum, a certain part of which was to be paid by a day named. The defendant failed to make this payment when due, though it was demanded. The plaintiff thereupon abandoned the work and brought suit. The case was tried before auditors, who reported, *inter alia,* that if the plaintiff was entitled to recover the installment, the balance his due was

$78.30; but if he was entitled to recover only in proportion to the work actually done, the balance in his favor was $53.30. It was urged that the plaintiff was entitled to recover according to the agreement, and that any other rule would defeat the contract of the parties and substitute another in its stead. But it was held that the recovery should be for a *pro rata* compensation according to the contract price, and judgment was given for the last-named sum,—thus denying a recovery of the installment.

The plaintiff insists that the contract was modified by an oral agreement fully carried out by the plaintiff, and that this takes the case out of the rule herein applied. But the modification is referable to and became a part of the original contract and does not, in the respect here involved, affect the rights of the parties.

*Judgment affirmed.*