Argued at Pendleton November 2, 1932; affirmed January 17, 1933

## RICE *v.* LEVINGER
(18 P. (2d) 221)

*O. B. Mount,* of Baker, for appellant.

*Blaine Hallock,* of Baker (Hallock, Donald & Banta, of Baker, on the brief), for respondent.

ROSSMAN, J. The principal contention urged by the plaintiff is that the circuit court erred when it overruled the plaintiff's demurrer to the new matter alleged in the answer, and also when it found that the plaintiff's salesman had promised the defendant the exclusive right to sell in the city of Baker costume jewelry manufactured by the plaintiff. It will be recalled that the plaintiff's pleadings admitted that he had made a similar sale to one of the defendant's competitors, and claimed ignorance of whether the salesman had promised the defendant an exclusive sales right. Upon the trial, the defendant and his witnesses fully supported the averments of the answer with proof. The plaintiff did not contradict this testimony. Thus, the facts are that a false promise, which no one intended to perform, induced the defendant to

sign the contract which he now seeks to rescind by reason of the aforementioned fraud. This court recently considered a contention similar to the plaintiff's in *Sharkey v. Burlingame,* 131 Or. 185 (282 P. 546). After bestowing upon the matter much consideration, we there held that the customary recitals in sales agreements which are intended to exclude evidence that the vendor's fraudulent representations induced the purchaser to enter into the bargain were in contravention of public policy, and, therefore, ineffective. We adhere to the laws as there stated and, hence, it follows that these contentions reveal no error.

■ The plaintiff contends that a promise of an exclusive sales right affects only a part of the consideration, and that, hence, its breach affords no right to a rescission. He cites *Tichnor Bros. v. Evans,* 92 Vt. 278 (102 Atl. 1031, L. R. A. 1918C, 1025). That was an action brought to recover a balance due upon an account. Rescission was not plead and was not involved. The buyer, more than a year after the sale, discovered that the plaintiff had breached the right of exclusive sale, but said nothing about it for the next two years. Since the articles sold were postal card sets, we assume that a restoration of the status quo would have been impossible. In the instant case, the defendant, a druggist, testified that he would not have considered the plaintiff's merchandise, involving, as it did, the installation of a jewelry department in his drug store, had not the plaintiff's representative promised an exclusive sales right. The contract required the plaintiff to supply the defendant with credit checks for distribution in Baker which were peculiarly adapted to an exclusive sales right in a small city. The defendant is in a position to restore the status quo and of-

fered to do so immediately upon discovery of the fraud. His offer is renewed in his answer and was repeated during the trial. We conclude that the rescission sanctioned in the decree is justified; Williston on Sales (2d Ed.) § 467h.

We have carefully considered the other contentions urged by the plaintiff. In our opinion, they present nothing more than issues of fact. We have carefully examined the evidence and have been brought to the conclusion that these contentions lack merit.

The decree of the circuit court is affirmed.

RAND, C. J., BEAN and KELLY, JJ., concur.