# FRANK W. WATKINS v. WALLACE S. RIST.

## May Term, 1896.

### *Evidence.  What is rebuttal.*

1.  In an action of trespass on the freehold, the question being whether the cattle of the defendant escaped into the plaintiff's pasture through a particular gap in the defendant's fence, evidence on the part of the plaintiff that the gap was there at a certain time is not rebuttal, although it may tend to contradict the testimony of the defendant.

2.  The defendant might show upon the question of damages that the feed in his own pasture was so good that his cattle would not be likely to resort to that of the plaintiff for the purpose of feeding.

Trespass on the freehold.  Plea, the general issue.  Trial by jury at the December term, 1895, Windsor county, Rowell, J., presiding.  Verdict and judgment for the defendant.  The plaintiff excepts.

*Gilbert A. Davis* for the plaintiff.

The scarcity or abundance of feed in the defendant's pasture was immaterial.  The error in its admission could not be cured by the charge.  *C. & P. R. R. Co.* v. *Baxter*, 32 Vt. 805; *Sterling* v. *Sterling*, 41 Vt. 80; *State* v. *Meader*, 54 Vt. 126; *Hall* v. *Jones*, 55 Vt. 297.

*W. W. Stickney* and *J. G. Sargent* for the defendant.

Testimony as to feed in the defendant's pasture was properly admitted.  *Richardson* v. *Turnpike Co.*, 6 Vt. 496; *Armstrong* v. *Noble*, 55 Vt. 428.

THOMPSON, J.   This was an action of trespass on the freehold.   In the opening of his case, plaintiff introduced evidence tending to prove that the defendant's animals escaped from his pasture into the plaintiff's through a certain gap in the defendant's fence.   This was the trespass for which the plaintiff sought to recover.

The defendant testified in his opening, that he went over his fence in the spring of the year in question, and left it in a fair condition to stop cattle and with no gaps in it; that he went over it a little while before the arbitrators were there, and that it was all right then; that he looked to see if cattle had been through it and found no gaps nor tracks; and that when the arbitrators were there he found its condition about the same.   In rebuttal, the plaintiff offered to show by one of the arbitrators, that when he was there, there was a gap in the defendant's fence at the place claimed by the plaintiff. The evidence offered was excluded as out of time.   The plaintiff now insists that this was error.

The rules of practice require the plaintiff in his opening to put in all his evidence in support of the issues which he then makes in the case, and only allow him in rebuttal to introduce evidence to meet and disprove issues first raised in the case by the defendant's evidence.   The plaintiff's evidence did not tend to show nor did he claim, that defendant's animals escaped into the plaintiff's pasture in any way, except through the one certain gap in the fence located and described by the evidence introduced by the plaintiff in the opening of the case.   Hence, the testimony of the defendant raised no new issue, but only tended to prove the non-existence of the gap in the fence as claimed by the plaintiff.   The court below, therefore, properly excluded the evidence, although in its discretion, it might have admitted it.   *Stevens* v. *Dudley*, 56 Vt. 158.

The evidence tending to show the condition of the feed in defendant's pasture during the time in question, was prop-

erly admitted.    The plaintiff claimed that the defendant's animals had depastured his premises "for divers long spaces of times."    It bore upon the probability of the truth of this claim.    It thus bore only upon the question of damages.    It is to be presumed that its effect was properly limited by the charge to the jury.    In view of the verdict it was also harmless to the plaintiff as the jury must have found that the animals escaped through the plaintiff's fence and by reason of his fault.

*Judgment affirmed.*