EMMANUEL G. DUPRAT ET UX. *v.* FRANK CHESMORE.

February Term, 1919.

Present: WATSON, C. J., HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 8, 1920.

*Witnesses—Answer Not Irresponsive Because Not Anticipated—*
*Improper Statement by Party—Cross-examination—Evi-*
*dence of Speed—Control of Automobile—Objection Not*
*Raised Below Not Considered—Court's Discretion as to Re-*
*ception of Evidence—Exclusion of Evidence Without an*
*Offer—Question Not Raised Below Not Considered—Ma-*
*teriality of Evidence—Rebuttal—General Exception to*
*Court's Failure to Charge Unavailing—Burden of Proof as*
*to Excessive Speed—Failure to Define Proximate Cause*
*With Reference to Last Clear Chance Doctrine.*

1. Where a question called for an explanation, the answer was not irresponsive because not anticipated by the examiner.

2. In an action for killing plaintiffs' horse by defendant's automobile, a statement by the defendant that he did not think the horse saw the car, if inadmissible, was not prejudicial, where the court ordered it stricken out, and noted a finding that there was no intention on the part of the witness to go outside the question.

3. The defendant, as plaintiffs' witness, having been examined as to his whole trip to the place of the accident and the speed at which he was driving, a cross-question as to the grade of a portion of the road was admissible as bearing on his direct testimony with reference to speed.

4. Where an improper and unexpected answer to a material question was left on the record through no fault of the court, and was treated by all concerned as corrected by the subsequent questions and answers, an exception to the question on the ground of incompetency and immateriality is unavailing.

5. Defendant's testimony that the shock of the collision threw the man riding in the seat with him "ahead towards the windshield," but did not throw him out, was admissible on the question of speed.

6. The defendant was properly permitted to testify that, as he approached the place where the horse was feeding, he had his car absolutely so far as possible under control, as that was a question of fact of which the witness had knowledge.

7. The plaintiff having testified to certain measurements made the day of the accident, and it not having appeared whether or not the defendant was then present, it was not error to permit defendant to testify that no measurements were made, to his knowledge, on the day of the accident, while he was present.

8. An objection that a material answer was not responsive, which was not made below, will not be considered.

9. It is within the court's discretion to admit on redirect examination material testimony on a matter that had been fully covered by the witness.

10. An exception to the admission of evidence is unavailing where it added nothing to the evidence on the subject already given without objection.

11. Testimony of the person riding with the defendant as to how far away the horse was when he first saw it was material to sub-

sequent testimony as to its conduct leading up to the accident, and was not prejudicial as authorizing the inference that the defendant was not negligent in not having sooner discovered the horse, where all the evidence showed that he saw the horse in ample time to stop his car, if ordinary care required it.

12. Where no offer follows the exclusion of a question, the exception is not availing.

13. A point not raised below will not be considered.

14. Where there is nothing in the record to show that the answer would have been material, error is not shown in excluding a question as immaterial.

15. Evidence offered in rebuttal on an issue tendered by the plaintiffs in their opening case was properly excluded, where there was nothing in the defendant's evidence that removed the question from the rule that the plaintiff in his opening must put in all his evidence in support of the issues which he then makes.

16. Where the court charged on the subject-matter of certain requests, a general exception to the court's failure to charge in accordance with the requests, without attempting to point out wherein they were not, in substance, complied with, is unavailing.

17. While No. 101, Acts of 1908, relieved the plaintiffs in their opening from doing more to establish defendant's negligence than to show that he was driving his car in excess of the rate of speed prescribed by the act, yet, when countervailing evidence was produced, the burden of establishing defendant's negligence on all the evidence was upon the plaintiffs.

18. Where the court in its charge carefully defined "proximate cause," and clearly stated that plaintiffs' contributory negligence would not defeat recovery unless it was concurrent with defendant's negligence, plaintiffs were not prejudiced by the court's failure to define proximate and remote cause with special reference to the doctrine of last clear chance.

ACTION OF TORT for negligently killing plaintiffs' horse with an automobile. Plea, the general issue. Trial by jury at the September Term, 1915, Chittenden County, *Miles,* J., presiding. Verdict and judgment for the defendant. The plaintiffs excepted. The opinion states the case.

*Martin S. Vilas* for the plaintiffs.

*V. A. Bullard* for the defendant.

TAYLOR, J.   The plaintiffs sought to recover damages for a horse fatally injured in collision on the highway with an automobile driven by the defendant.   The action is tort for negligence, and the trial, which was by jury, resulted in a verdict and judgment for the defendant.   The plaintiffs argue exceptions taken to the admission and exclusion of certain evidence, and to the failure of the court to charge in certain particulars.

The highway on which the accident occurred passes through the plaintiffs' farm.   The farm buildings are on the west side of the highway, and there is a public water trough on the east side a few rods distant, used by the plaintiffs for watering stock. The horse in question was one of a pair of work horses that some fifteen minutes before the accident had been unhitched from a wagon in plaintiffs' dooryard and suffered to go to the water trough to drink.   They were still harnessed and wore bridles with blinders.   After drinking, the horses went to feeding southerly along opposite sides of the highway.   Mr. Duprat, whom we will refer to as the plaintiff, and a hired man were seated in the yard watching them.   The defendant's car was preceded by another automobile that passed the horses apparently unobserved. As the defendant approached, the horse on the opposite side of the road from the house threw up its head as though frightened and started to run along the road toward the house.   As the automobile came alongside, the horse turned into the traveled track and the collision occurred.

[1]   The defendant was called as a witness by the plaintiffs, and in his direct examination testified that the horse that was struck was not feeding "in front of the dooryard" when he first saw it, and that he did not know how far south the dooryard extended.   In answer to the question, "why do you say he was outside the limits of the dooryard, if you don't know how far the dooryard extends?" witness replied, "I don't take it that the whole west side of the field was a dooryard."   An exception was taken to the refusal of the court to strike out the answer as not responsive.   The objection was properly overruled.   The question called for an explanation, and that given was not irresponsive because not anticipated by the examiner.

[2] The defendant's version of the affair was that the horse suddenly started to cross the road diagonally, and ran in front of the car. In course of his direct examination, when called as a witness by the plaintiffs, he volunteered the statement that he didn't think the horse saw the car. An exception being asked to the statement, as he was a party, the court ordered it stricken out, and noted a finding that there was no intention on the part of the witness to go outside the question. If the observation was inadmissible, in view of the court's action, we are not satisfied that the plaintiffs' rights were prejudiced. The exception does not present reversible error. Rule 7, Supreme Court.

[3] The defendant in direct examination as a witness for the plaintiffs had been inquired of concerning the speed at which he was driving. The inquiry had covered the whole trip from his home to the place of the accident, which included the highway presently to be referred to. He was asked in cross-examination by his counsel what the grade was after he left the village of Winooski to within half a mile of the plaintiffs' house, as bearing on his testimony in direct examination with reference to speed; and against a general objection was permitted to testify that it was up grade. This was not error, in view of the scope of the direct examination.

[4] In further cross-examination the defendant was asked how the striking of the horse affected him, and, subject to the objection that it was incompetent and immaterial, replied, "Of course it scared me." The question was evidently not intended to elicit this answer, as appears from what immediately followed. The further examination developed the fact that the witness was not thrown out, and was but slightly moved in his seat. The court did not err in overruling the objection, as the question called for material evidence. The unexpected answer was left on the record through no fault of the court. It was evidently treated by all concerned as corrected by the subsequent questions and answers. Standing thus, the exception cannot avail.

[5] In the same connection the defendant was permitted to testify that the shock of the collision threw the man riding in the seat with him "ahead toward the wind shield," but did not throw him out. This evidence bore on the question of speed, and the objection to its admission was properly overruled.

[6]   It was not error, against a general objection, to permit the defendant in further cross-examination to testify that, as he approached the place where the horse was feeding, he had his car absolutely so far as possible under control.

His version of the circumstances of the accident had been fully developed in his direct examination by the plaintiff. The rate of speed at which he was running, the condition of the car, and the precautions taken to avoid the accident had been gone into at length. In addition, it was proper for him to show by his own testimony that nothing possible to be done was omitted. *McGovern* v. *Hays & Smith,* 75 Vt. 104, 53 Atl. 326. Whether or not he had the car under control was not, as now urged, a matter of opinion, but a question of fact of which the witness had knowledge.

[7]   The plaintiff testified to certain measurements made the day of the accident. When on the stand as a witness in his own behalf, the defendant was permitted to testify that no measurements were made, to his knowledge, on the day of the accident, while he was present. It was not claimed that the defendant was present when the plaintiffs' measurements were made, though whether he was or not had not appeared. The plaintiffs could not possibly have been prejudiced by this testimony. It had no tendency to discredit their evidence as to measurements, its only effect being to show that the defendant was not party to them.

[8]   The defendant was further asked to state "how quick the horse ran in front of your machine," and against the objection that it was incompetent, immaterial, and irrelevant was permitted to answer, "The horse took this diagonal run across the road, and I kept bearing to the left to avoid the horse." The answer was material as describing how the accident happened. The objection now made that it was not responsive was not made below and so is not considered.

[9]   On redirect examination the defendant was asked to state how far ahead of the car the horse was when he started to cross the road. It was objected that it did not grow out of the cross-examination; but the court admitted it as a matter of discretion, and the witness answered: "The horse was almost directly opposite the front of my car when he started to go diagonally across the road." The materiality of the testimony is not questioned; but it is insisted as ground of error that it was not

proper redirect examination and, besides, that the ground had already been fully covered by the witness, objections that are unavailing in view of the court's discretionary action.

[10]    One Wesley Church, the driver of the car ahead at the time of the accident, was called as a witness by the defendant. ·He testified to the circumstances of the accident, and that he was there as long as the defendant, and saw no measurements made. Under exception, he was permitted to testify that he did not see the plaintiffs' son make any measurements. What we have said with reference to an exception already considered applies equally to this. Besides, the answer added nothing to the evidence on the subject already given without objection.

[11]    One George Stockwell, who was riding in the front seat with the defendant on the occasion of the accident, was a witness in his behalf. Having testified that he saw a horse by the roadside on that trip, this question was asked: "Tell the jury in your own way the first thing you saw of the horse; how far away were you?" Against the objection that it was immaterial, the witness was permitted to testify that when he first saw the horse it was probably 20 rods away. It is urged that it is immaterial when. the witness first saw the horse, and that the answer was prejudicial, as the jury may have inferred therefrom that the defendant was not negligent in not having sooner discovered the horse. But this was outside the issues as the case was being tried. On all the evidence the defendant discovered the horse in ample time to stop his car, if ordinary care required it. When the witness first noticed the horse was a material inquiry, preliminary to the testimony given as to its conduct leading up to the accident. There is nothing to indicate that the evidence objected to was received or used for any other purpose. The objection to the question asked the same witness whether he heard the plaintiff say anything about making measurements is sufficiently answered by what has already been said with reference to measurements.

[12]    A witness called by the plaintiffs in rebuttal was asked if he paced off the distance "between the middle of the driveway and where the bank begins to slope north." It was objected to as not in rebuttal. Plaintiffs claimed the contrary, and stated in support of the claim that the defendant had testified that he could not turn out or get away from the horse because the bank was in the way. The court excluded the ques-

tion, and allowed the plaintiffs an exception. No offer was made, and so the exception is not available. Besides, the defendant had not testified that the bank prevented his turning out further, but rather to the contrary. The exception taken to the exclusion of a similar question asked one Hector Fortin is of the same nature, and subject to the same infirmities.

[13, 14] Plaintiffs saved an exception to the exclusion of the question, "How tall are you?" asked one Merton Shaw. It is now said that the evidence was material as explaining a discrepancy between the testimony of this and another witness as to the distance in paces between certain points, but the point was not made below, and there is nothing in the record to show that the answer would have been material. The holding that the question was immaterial is not shown to have been error.

[15] The last exception relating to the evidence was taken to the exclusion of the question asked one Thomas Ryan, called in rebuttal, whether or not he noticed marks made in the highway "where the heavy object started along on its course?" It was objected to as "being covered in the opening case," and not rebuttal. The offer was to show that the horse was struck north of the driveway to the house, and not south of it, as claimed by defendant. The offered evidence was properly excluded as not in rebuttal. The issue as to where the horse was struck with reference to the driveway was tendered by the plaintiffs in their opening case, and there was nothing in the defendant's evidence that removed the question from the general rule that requires the plaintiff in his opening to put in all his evidence in support of the issues which he then makes. *Watkins* v. *Rist*, 68 Vt. 486, 35 Atl. 431. Besides, it does not appear, as the case was being tried, that the exact place with reference to the driveway where the horse was struck was at all important.

[16] The plaintiffs excepted to the failure of the court to charge in accordance with six requests designated by numbers. All save possibly one require no special attention, as the exception taken was too general to be available. Some of the requests could not have been complied with in terms, as they were framed upon the theory that the question was not for the jury, though it clearly was. The court charged on the subject-matter of these requests and in taking the exceptions no attempt was made to point out wherein the requests so far as sound were not, in substance, complied with. It has been repeatedly held that

exceptions taken in the form here adopted are too general to be available, unless the charge on the subject-matter is wholly wrong, a claim not relied upon by the plaintiffs. *Drown* v. *N. E. Tel. Co.*, 81 Vt. 358, 372, 70 Atl. 599; *In re Bean's Will*, 85 Vt. 452, 459-467, 82 Atl. 734, where earlier cases are collected; *Seeley* v. *C. V. Ry. Co.*, 88 Vt. 178, 186, 92 Atl. 28; *Goodwin* v. *Barre Savings Bank & Trust Co.*, 91 Vt. 228, 234, 100 Atl. 34; *Bristol* v. *Bristol R. Co.*, 91 Vt. 223, 227, 100 Atl. 37.

[17]   The court did not charge upon the subject-matter of the seventh request, though reference was made to it in stating the plaintiffs' claims. By this request the court was asked to charge, in substance, that if the jury found that the defendant was driving at the time of the accident at a speed in excess of twenty-five miles an hour "This under the statute is *prima facie* evidence of negligence on the part of the defendant, and renders him liable * * * unless the defendant shall have overcome this presumption of negligence by showing that the condition of the highway and of traffic thereon justified this speed." The plaintiffs were not entitled to have this request complied with. While the statute in force at the time of the accident (No. 101, Acts of 1908) provided that such excess of speed should be *prima facie* evidence that the automobile was being run carelessly or negligently, it did not change the burden of proof, as the request implies. Its only effect was to relieve the plaintiffs in their opening from doing more to establish negligence on the part of the defendant, than to show that the car was being driven at the excessive rate of speed. The burden of evidence would then shift to the defendant. But, countervailing evidence having been adduced, when the case was ready to be submitted to the jury the burden of establishing the defendant's negligence on all the evidence was upon the plaintiffs. When evidence was introduced tending to rebut the charge of negligence the statute became *functus officio*. The defendant having discharged the burden cast upon him by the statute, there was no occasion to refer to it in the charge to the jury.

A somewhat extended discussion of this question will be found in *Rutland Ry., etc., Co.* v. *Williams*, 90 Vt. 276, 98 Atl. 85, where the cases are collected. See also *Drown's Guardian* v. *Chesley's Est.*, 92 Vt. 19, 24, 102 Atl. 102; *Pope* v. *Hogan*, 92 Vt. 250, 258, 102 Atl. 937. The request was also fatally defective in that it wholly ignored the fact that in any event the

plaintiffs must show freedom from contributory negligence to render the defendant liable to answer in damages.

[18] The exception to the failure of the court to define proximate and remote cause "with special reference to the doctrine of last clear chance" is inadequately briefed, but an examination of the charge discloses that the plaintiffs have no just ground of complaint in this regard. The term "proximate cause" was carefully defined, and it was made sufficiently clear that the plaintiffs' contributory negligence, if found, would not defeat their recovery, unless it was concurrent with the defendant's negligence. What the court said applicable to the doctrine of the last clear chance was satisfactory to the plaintiffs; and we do not think they were prejudiced by the omission of the court to define the term with special reference to this doctrine.

*Judgment affirmed.*

MILES, J., being disqualified, did not sit.