H. D. BREWER *v.* BURLINGTON TRACTION COMPANY.

February Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, and MOULTON, JJ.

Opinion filed May 11, 1929.

*Chas. F. Black* for the plaintiff.

*M. G. Leary* and *Austin H. Kerin* for the defendant.

POWERS, J.    This is a tort action brought to recover damages resulting from the alleged negligence of the defendant in the operation of one of its electric cars which ran into the plaintiff's automobile on the "Weston Hill," so-called, in the main highway from the village of Winooski to the village of Essex Junction, in the evening of August 5, 1926.    The verdict and judgment below were for the defendant.    The plaintiff excepted. The only question submitted for determination is raised by an exception to the exclusion of three photographs showing the scene of the collision and the highway and car track to the east.

At the point and in the vicinity of the accident, this track is located in the highway and runs substantially parallel with the paved road used for vehicular traffic.    On the evening specified the plaintiff was going easterly on this paved road in his automobile driven by his chauffeur, when, at a point near the place of the collision, the car ran short of gasolene.    The chauffeur drew out to the right-hand side of the road, got out of the machine, went to the rear of it, and turned on the emergency supply of gas, when he returned to his seat, the defendant's trolley car was coming rapidly down the hill from the east, and before the automobile could be moved, the car crashed into it and seriously damaged it.

The plaintiff improved as a witness, Franklin H. Dewart, a civil engineer, who produced a lucid map of the scene of the accident and vicinity, made from an actual survey both ways from the point of the accident—150 feet westerly and 600 feet easterly therefrom.    This map showed a profile of this territory for the entire distance covered, giving the elevation of every 50-foot point thereof.    The map having been properly verified, was admitted in evidence, and so far as the profile was concerned, its accuracy was not questioned.    By it, it appeared that the car track to the east of the point of the accident was practically straight for at least 600 feet, which was shown to be the top of the Weston Hill, although the grade of the last 200 feet or more

of this distance was very slight. Dewart testified that his map was correct. In cross-examination he testified that the eye would not detect any curve in the 600 feet of car track next east of the point where the automobile was struck. This statement was in accord with what was shown by the map. After the defendant rested, the plaintiff offered the photographs in question, expressly limiting his offer to their effect as rebuttal. Their exclusion was not error.

█ █ In the first place, the line of the car track to the east was asserted to be practically straight as a part of the plaintiff's case. It was so shown on the Dewart map. When that was offered and received, it was equivalent to an assertion by the plaintiff that the car track was practically straight for 600 feet toward Essex Junction. This amounted to the tender of an issue on that point, and evidence on the part of the defendant to the contrary, would not entitle the plaintiff to give in rebuttal further evidence on that point, since there was nothing to take the case out of the general rule requiring the plaintiff to put in all his evidence to support his case in his opening. *Duprat* v. *Chesmore*, 94 Vt. 218, 225, 110 Atl. 305. The offer was an address to the discretion of the trial court, and on the record we cannot say that such discretion was abused.

There is another ground on which our decision might be put: When these photographs were offered, the court inquired of plaintiff's counsel as to what testimony they rebutted; and the only witness then named by counsel was Vernon Moore. The testimony of this witness was read to the court, and after hearing it, the offer was rejected.. It appears from the transcript that some confusion in the testimony resulted from the fact that some of the witnesses referred to the top of the Weston Hill as being at the stop post about 250 feet east of the point of collision, while others spoke of the top of the hill as being at a point some 350 feet further east, at the eastern limit of the Dewart map. When Moore, who was a passenger on the electric car, testified in direct examination, he spoke of a curve in the car track "just above the top of the hill," and said that the car slowed down before it began to go down the hill; and when asked where it was that he noticed the speed beginning to slow down, he replied, "There is a curve there just above the top of the hill; I imagine it was just before we hit that curve." It is perfectly obvious that this testimony referred to a curve east of

the limits of the Dewart map, and it left the map and the testimony of its maker uncontradicted and unimpaired. In his cross-examination, however, Moore did make one statement which the plaintiff insists located the curve within the 600 feet shown on the Dewart map. It is apparent to us that, taken as a whole, the testimony of Moore was not so intended. But, however that may be, any uncertainty or confusion in his testimony resulted from his cross-examination by the plaintiff. It could have been cleared up very easily by further questions referring to the Dewart map; and while it would have been proper enough to have admitted the photographs to remove any possible misunderstanding, it was not error to exclude them. In this view of it, too, it was for the court to exercise its discretion, and the record does not show an abuse of it.

*Judgment affirmed.*