HARVEY S. MERRIHEW'S ADMR. *v.* FRANK E. GOODSPEED.

February Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, and MOULTON, JJ.

Opinion filed October 1, 1929.

208

*Charles H. Darling* and *Guy M. Page* for the plaintiff.

*Warren R. Austin* and *J. Ward Carver* for the defendant.

MOULTON, J. The plaintiff's intestate, a child of five and one-half years of age, was struck and fatally injured by an automobile owned and operated by the defendant, proceeding in a southerly direction on Shelburne Road, about one and one-half miles south of the city of Burlington. The plaintiff alleges that the negligence of the defendant was the proximate cause of the accident. After trial by jury, the verdict was for the defendant, and the case is here on the plaintiff's exceptions.

On the direct examination of the defendant by his own counsel he was asked:

"Do you know of anything you could have done that you did not do to avoid hitting this child?"

Subject to exception by plaintiff, he answered:

" I know of nothing I could have done."

It is said this was error because the evidence showed that the child, in crossing the road, was visible to the defendant for at least 60 feet before the accident occurred; that the defend-

ant's car, at the rate at which it was proceeding, could be stopped in 20 feet; and that there was room, in the highway, to pass either to the right or left of the child. Therefore, it is argued, that the defendant was charged with notice of what he should have seen, and that the state of his actual knowledge was immaterial, because his liability is to be determined not by what he knew, but by what he was bound to know. But the defendant had testified that, as he approached the place of the accident, a car, driven by John Blair, was backing toward the road from a driveway leading to a store called the Bradley store on the defendant's left; that a truck was parked on the right-hand of the highway, nearly opposite the driveway; that as he turned to the left to pass the truck, he watched closely the backing car, fearing that he would get caught between it and the truck; that it backed to a point very near the hard surface of the highway; that there was no child visible between him and the Blair car until after he had passed it, when the child was seen running rapidly in the road, in front of the defendant's car and close to it, much in the same direction as the car was proceeding. The defendant was then turning back to the right-hand side of the road after having passed the truck, and was not far from the middle of the pavement. It appeared that the surfaced part of the road was about 21 feet wide. The evidence for the defense tended to show that the child was hidden from sight by the Blair car, and ran suddenly out as the defendant was passing and too close to enable him to avoid the accident.

The testimony was proper and material upon the defendant's theory of the case. It was not the expression of an opinion upon the question whether the proper degree of care had been exercised. It was not a matter of speculation, and it was material to know what the defendant did, and what, if anything he left undone regarding the management and operation of his automobile. *McGovern* v. *Hays & Smith,* 75 Vt. 104, 113, 53 Atl. 326; *Duprat* v. *Chesmore,* 94 Vt. 218, 223, 110 Atl. 305.

A similar question, with regard to the operation of the automobile by the defendant, was asked of Miss Juliana Spaulding, his sister-in-law who was riding with him, and was allowed subject to exception. The specific objection was that it called for an opinion, that an insufficient foundation had been laid, and that the witness had not shown sufficient familiarity with the situation to cause her testimony to be of aid to the

jury. But Miss Spaulding had already described the manner in which the defendant was driving, and his control of the car, and the surrounding circumstances, such as the relative positions of the truck and the Blair car. She corroborated the defendant's testimony as to the suddenness with which the child appeared in the road. She also testified that she was familiar with the operation of an automobile. We cannot say that an adequate foundation for the question was not laid. What we have said in considering the previous exception to the defendant's testimony is applicable also. Error does not appear.

The plaintiff has briefed together exceptions taken to the exclusion of four questions asked on the cross-examination of the defendant, which are all variations of the same theme, and may profitably be considered as a whole. They are as follows:

1. "Now, Doctor, if you had seen that boy in the center of the pavement moving south when you were back there 20 feet, state whether you could have gone to the left or right of the boy, and not hit him?"

2. "Now, when you stated that you did everything you could to prevent the accident and left nothing undone to prevent the accident, you did not take into consideration the fact that if you had seen the boy 20 feet before you hit him, you could have prevented the accident?"

3. "When you said that you did nothing and left nothing undone to prevent the accident, did you take into consideration that the boy passed from the east edge of the road to the center of the road ahead of your car and in plain sight?"

4. "You say the boy was a little to the right of the center of the road and back there a few feet you were just straddle of the center of the road, now if you had not turned you would not have hit the boy, would you?"

Where the witness is a party the right to cross-examine extends to any material matter whether covered by the direct examination or not. *Swerdferger* v. *Hopkins,* 67 Vt. 136, 147, 31 Atl. 153. But the scope and extent of cross-examination rests largely in the sound discretion of the trial court, and its ruling thereon is not revisable in the absence of an abuse thereof. *Saliba* v. *N. Y. C. R. R. Co.,* 101 Vt. 427, 144 Atl. 194, 197;

*Cummings* v. *Ins. Co.*, 101 Vt. 73, 85, 142 Atl. 82; *State* v. *Long*, 95 Vt. 485, 491, 115 Atl. 734. The defendant elsewhere testified, in his cross-examination, that when he was 40 feet north from the Blair car his view of the road was unobstructed, and there was nothing to prevent him from seeing what might be in the road between the Blair car and the truck parked on the opposite side of the road; that, if he had seen the boy running diagonally across the road when he was 20 feet away, he believed he could have stopped; and that, if he had seen the boy 20 feet or more before he hit him, probably he could have prevented the accident. He had also testified that the boy was struck by the corner of the left front fender, or by the left end of the bumper of his car, and that the accident took place slightly to the right of the center of the pavement, while he was turning back to the right after having passed the parked truck. Thus, the plaintiff had the substantial benefit of the excluded testimony (*Cummings* v. *Ins. Co.*, *supra*, at page 83 of 101 Vt., 142 Atl. 82), with the possible exception of that called for by the last question above quoted; and as to that it is enough to say that the distance mentioned therein ("a few feet") was so indefinite that it was quite within the discretion of the trial court to exclude it. Without considering the claim of the defendant that the questions, or some of them, assumed the existence of facts which had not appeared in evidence, we fail to perceive reversible error in the exclusion of these questions.

In instructing upon the question of the child's contributory negligence, the court told the jury that, assuming that it were found that he was capable of exercising care, a child of his age was "to be held to that degree of care and prudence which is equal to his capacity." The defendant argues that this was error, because the true rule requires of children, having the capacity for exercising care, "the care reasonably to be expected of children of like age, capacity, intelligence, and experience in similar circumstances," as held in *Johnson's Admr.* v. *Rutland R. R. Co.*, 93 Vt. 132, 137, 106 Atl. 682, 684. But no such complaint was made in the court below. The record fails to show an exception to the charge upon this ground. Not having been raised on trial, the question is not for consideration here. *Picknell* v. *Bean*, 99 Vt. 39, 40, 130 Atl. 578; *McAndrews* v. *Leonard*, 99 Vt. 512, 519, 134 Atl. 710; *Farnham & Sons, Inc.* v. *Wark*, 99 Vt. 446, 451, 134 Atl. 603.

■ The plaintiff excepted to the failure of the court to submit to the jury the question of perilous situation with reference to the contributory negligence of the boy. It is claimed that the child found himself in a position of danger, or apparent danger, because, as he stood near the traveled roadway, the Blair car was backing towards him, and, with a mistaken judgment as to the proper course to pursue, he ran out out into the road as the defendant's car approached. Whether that error in judgment, if otherwise negligence, was induced by the peril, was, the plaintiff insists, for the jury.

Whatever may be said for the proposition as an abstract principle of law, it is evident that, in order to make the omission error, it must appear to be applicable to the situation disclosed by the evidence. *In re Hathaway's Will*, 75 Vt. 137, 144, 145, 53 Atl. 996; *Rogers* v. *Bigelow*, 90 Vt. 41, 46, 96 Atl. 417; *Lang* v. *Clark*, 85 Vt. 222, 232, 81 Atl. 625. No witness, except the defendant and Miss Spaulding, saw the child when he was upon the paved surface of the road, before the accident, and they saw him, as we have seen, at the instant of impact. Bernice Sumner saw him standing on the side of the road, at about the middle of the house standing south of the store in the driveway of which the Blair car was situated; but she said nothing at all about the Blair car, or its movements or relative position to the child. Loren Merrihew testified that he saw him standing beside the road a few feet from an elm tree near the house, and about the middle of the steps. He did not mention the Blair car in his testimony. Measurements subsequently taken showed that from the point identified by this witness as the place where he saw the child standing to the edge of the pavement was 9 feet, and to the center of the pavement opposite the driveway leading to the Merrihew house across the road was 28 feet. John Blair testified that he drove from Burlington and turned to the east to enter the driveway to the Bradley store. As he turned in, he saw, to his right, and about 20 feet south of him, a small boy about to step on the pavement. He drove in close to the side of the store, then backed, turning the rear of the car to the south, so as to head the car to the north. He said that he did not know what became of the boy when he turned into the driveway, nor where the boy was when he backed. A plan drawn to scale introduced in evidence by the plaintiff (Exhibit 6) showed the claimed position of the boy and the Blair

214

car, at the time the latter had stopped backing, and by this it appears that the child was not in the rear of the car, and that the car, if it had continued backwards, would have cleared the position of the boy by at least 10 feet. When it stopped, its nearest point was something over 15 feet from him.

We think that the evidence falls short of affording a basis for the instruction for which the plaintiff contends. To infer that the child, under the circumstances above detailed, found himself in a position of real or apparent danger, and further to infer that he ran into the road to escape that danger would be to base an inference upon a fact the existence of which itself rests upon a prior inference, and to do this would violate a well-established rule. *Riggie* v. *G. T. Ry. Co.*, 93 Vt. 282, 287, 107 Atl. 126; *Wellman* v. *Wales*, 97 Vt. 245, 254, 122 Atl. 659, and cases cited. The exception is not sustained.

In taking exceptions to the charge, counsel for the plaintiff said:

"Further, the plaintiff made requests based upon the proposition of greater care to be exercised by automobiles when action involves the safety of children—our 8th and 9th requests; I think the child there is a signal of danger to be taken into account by the operator of the car; also, our 13th, 18th and 19th requests; on all these requests, and the whole theory of the law relative to the special duty of a traveler confronted with what he saw or ought to have seen is omitted from the charge; we desire an exception to the failure to instruct on those points, and to the failure to comply with the several requests stated."

So far as the 13th, 18th, and 19th requests are concerned the exception is too general to require attention. It is not enough merely to refer to requests by number, as we have often held. *Robinson* v. *Leonard*, 100 Vt. 1, 10, 134 Atl. 706; *Woodhouse* v. *Woodhouse*, 99 Vt. 91, 146, 130 Atl. 758; *Duprat* v. *Chesmore*, 94 Vt. 218, 225, 226, 110 Atl. 305; *Bristol* v. *Bristol R. R. Co.*, 91 Vt. 223, 227, 100 Atl. 37; *Goodwin* v. *Barre Sav. Bk. & Trust Co.*, 91 Vt. 228, 234, 100 Atl. 34. The same may be said for the exception to the omission to charge "relative to the special duty of a traveler confronted with what he saw or ought to have seen." The subject had not been omitted. The jury had been instructed, without objection or exception, that the

defendant was chargeable with knowledge of what he could have seen if he had looked. The exception did not point out to the court the claimed shortage in the charge as given, nor what additional instruction, if any, was required. *Bradley* v. *Blandin,* 94 Vt. 243, 255, 110 Atl. 309; *Temple* v. *Duffy,* 96 Vt. 114, 118, 117 Atl. 101.

 It may be seriously doubted, in view of the authorities above cited, that the exception is sufficiently explicit to reserve any question with regard to the 8th and 9th requests, but we give them consideration. These requests were as follows:

8. ''Greater care must be exercised by drivers of automobiles where their action involves the safety of children.''

9. ''Where children are concerned, drivers of cars are bound to exercise caution commensurate with their viatic vagaries.''

The jury had been instructed, without exception being taken, that, if, as claimed by the plaintiff, the boy was in full view of the defendant as he approached the place of the accident, the evidence strongly tended to show that the defendant was negligent, for if he saw the boy as he approached, or ought to have seen him—which amounted to the same thing, for a man is chargeable with knowledge of the things he can see, if he looks, he was bound to proceed with that measure of caution that a careful prudent man facing such a situation would exercise, and if he failed to exercise such care, and thereby the accident happened, he was liable, if at the time the boy was in the exercise of due care. We think that the instructions as requested would have added nothing to the charge as given, and their omission was, at most, harmless error.

In his brief the plaintiff says that there was a duty of special watchfulness upon the defendant; and a special rule of duty applicable to the circumstances as to which the court omitted to instruct the jury.

 It is argued that it was the duty of the court without request to charge upon every essential part of the case. And this is so, no doubt. *Bradley* v. *Blandin,* 94 Vt. 243, 256, 110 Atl. 309; *Rowell* v. *Vershire,* 62 Vt. 405, 409, 19 Atl. 990, 8 L. R. A. 708; *Westmore* v. *Sheffield,* 56 Vt. 239, 248; *Donahue* v. *Ice Co.,* 56 Vt. 374, 381; *Stoddard Bros.* v. *Howard,* 101 Vt.

1, 5, 139 Atl. 776. Yet it is not bound to make every conceivable comment upon the evidence. *State* v. *Fairbanks,* 101 Vt. 30, 40, 139 Atl. 918; *Ryder* v. *Vt. Last Block Co.,* 91 Vt. 158, 167, 99 Atl. 733. And if the court fails to charge on all essential matters, it is the duty of counsel to call its attention to the claimed shortage or error, so that it may be corrected. *Mac-Donald* v. *Orton,* 99 Vt. 425, 433, 134 Atl. 599; *Dailey* v. *Bond,* 94 Vt. 303, 304, 305, 111 Atl. 394. Here, as we have seen, the language of the exceptor was inadequate reasonably to indicate to the court the fault found with the charge. *Robinson* v. *Leonard,* 100 Vt. 1, 134 Atl. 706; *Eastern States League* v. *Vail's Estate,* 97 Vt. 495, 514, 124 Atl. 568, 38 A. L. R. 845; *Morgan* v. *Gould,* 96 Vt. 275, 279, 119 Atl. 517.

After deliberating for some time, the jury returned to the courtroom and requested the presiding judge to repeat "that part of the charge referring to the Merrihew boy's ability to look after himself." The presiding judge thereupon repeated the instruction upon the question of the boy's capacity for exercising care, and closed by saying that, if he failed to exercise the degree of care equal to his capacity, "and it contributed in the least degree to the accident," the verdict should be for the defendant.

The plaintiff excepted because this part of the charge, apart from the context, did not "indicate that the contribution must have been proximately; that is, it eliminates the idea of contributing to the proximate cause, and leaves it to the jury to believe it may be the remote cause."

██ ██ This criticism is unfounded. Negligence is contributory in a legal sense when, and only when, it is a proximate cause of the injury. *LaMountain's, Adm.* v. *Rutland R. R. Co.,* 93 Vt. 21, 24, 106 Atl. 517. If such contribution existed in the least degree, there could be no recovery. *Bianchi* v. *Miller,* 94 Vt. 378, 382, 111 Atl. 524. In the charge as previously given the meaning of the term "proximate cause" was fully explained, and its application to negligence on the part of the plaintiff's intestate was pointed out, in a manner apparently satisfactory to the plaintiff, for no complaint was made. It does not appear that the jury could have been misled by the omission to repeat this explanation.

*Judgment affirmed.*