STATE *v.* J. WILLIAM ARONSON.

January Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 6, 1940.

*Jack Crowley* for the respondent.

*Thomas F. Mangan*, State's Attorney, for the State.

BUTTLES, J. The respondent was convicted in Rutland County Court of third degree arson in burning certain stacks of hay which belonged to the Newton and Thompson Mfg. Co. at Brandon, and comes to this Court relying on two exceptions taken to rulings of the court during the trial.

Guy H. Bump, president of the corporation which owned the hay, was called by the State as a witness. He testified in cross-examination, but not in direct, that the respondent was at one time employed by the corporation as auditor. He was then asked in further cross-examination: "During the years that Mr. Aronson was auditor there were his duties satisfactory during that time?" To the exclusion of this question respondent excepted. The scope and extent of cross-examination rests largely in the sound discretion of the trial court and its ruling thereon is not revisable in the absence of an abuse thereof. *Perkins* v. *Vermont Hydro-Electric Corp.*, 106 Vt. 367, 407, 177 Atl. 631; *Town of Brattleboro* v. *Carpenter*, 104 Vt. 158, 176, 158 Atl. 73, 81; *Merrihew's Admr.* v. *Goodspeed*, 102 Vt. 206, 211, 147 Atl. 346, 66 A. L. R. 1109; *Saliba* v. *New York Central R. R. Co.*, 101 Vt. 427, 434, 144 Atl. 194, 197. Subsequent to being auditor the respondent became receiver for the corporation, and the witness testified that during that period he had no

trouble with the respondent until the very last. No abuse of discretion appears in excluding the challenged question.

■ The respondent testified as a witness in his own behalf. In cross-examination he was asked without objection: "Mr. Aronson, have you ever been convicted of a crime?" To which the witness answered: "What comes under, if intoxication is considered a crime I have." About twelve questions were then asked and answered relative to convictions of the witness of intoxication and of breach of the peace. Respondent's counsel then moved that the word "crime" be stricken from the record and excepted to the denial of the motion. The exception is inadequately briefed but evidently refers to that word as it was used in the question above quoted. That the question was proper as bearing on the credibility of the witness is not questioned, but respondent contends that the word "crime" was used with intent to prejudice the jury against him. Nothing is called to our attention indicating such intent, and nothing indicating that prejudice resulted. The answer of the witness to this question and to the following questions must have made it very clear to the jury that the witness admitted having been convicted of the misdemeanors specified but not of more serious offenses. We find no error in the denial of the motion.

*Exceptions overruled and judgment affirmed. Let execution be done.*