CREAMERY PACKAGE MANUFACTURING COMPANY *v.* JAMES E.

RUSSELL, AND JOSEPH PRENEVOST, TRUSTEE.

Special Term at Rutland, November, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 4, 1911.

*Contracts—Construction—Consideration—Performance of Legal*
*Obligation—Building Contracts—Extras.*

Where a person contracts an obligation possible to be performed he must fulfill it, unless its performance is rendered impossible by act of God, the law, or the other party.

A contractor, who by an entire contract agreed to build a house in a workmanlike manner and according to designated specifications, was bound, without additional consideration, to construct a cement foundation for the cellar walls where the wetness of the soil rendered that necessary, though such a foundation was not specified in the contract, nor contemplated when it was made; and, if the owner had promised to pay for this extra work, that promise would have been without consideration.

Where the contract for building a house designated the kind of cellar wall required, and that the underpinning be lined with mortar, and the contractor, at the direction of the owner, constructed a better cellar wall and lined the underpinning with brick, he can recover from the owner the cost of those extras.

GENERAL ASSUMPSIT. Heard on a commissioner's report, as to the liability of the trustee, and exceptions thereto, at the March Term, 1910, Rutland County, *Hall,* J., presiding. Judgment against the principal defendant and the trustee. The trustee excepted. The opinion states the case.

*Thomas W. Moloney* for the trustee.

By the terms of the written contract defendant was obligated to construct the house and its foundations in a workmanlike manner; and the trustee's direction to him to construct a needed foundation was a direction to do what defendant was already obligated to do, and, hence, can give rise to no claim aginst the

trustee.  *Cobb* v. *Cowdrey,* 40 Vt. 25; *Rowell* v. *Vershire,* 62 Vt. 405; *Chase* v. *Soule,* 76 Vt. 353; *Supt. Public Schools of Trenton* v. *Bennett,* 72 Am. Dec. 373; *Adams* v. *Nichols,* 19 Pick. 275; 2 Parsons on Cont. 184; 1 Chitty on Cont. 568; *Engel* v. *Jones,* 17 U. S., (L. Ed.), 763; 6 Cyc. 71.

*Lawrence, Lawrence & Stafford* and *Willis M. Ross* for the plaintiff.

Defendant is entitled to charge the trustee for the extra cost of laying the cement foundation for the cellar wall, as that was done outside of the written contract and at the trustee's direction.  *Agel* v. *Patch Mfg. Co.,* 77 Vt. 13; *Rogers* v. *Rogers,* 139 Mass. 440; *Lawrence* v. *Davey,* 28 Vt. 264; *Thurston* v. *Ludwig,* 6 Ohio St. 1, 67 Am. Dec. 328; *Munroe* v. *Perkins,* 9 Pick., 298, 20 Am. Dec. 475; *Dearborn* v. *Cross,* 7 Cow. 48; *Lawrence* v. *Dole,* 11 Vt. 549.

ROWELL, C. J.  The defendant contracted in writing with the trustee to provide the material and commence the construction of a house for the trustee on his lot in West Rutland by such a time, and to complete it in a workmanlike manner by such another time, according to the specifications therein contained and a plan signed by the parties and made a part thereof.

By the specifications the cellar was to be dug by the defendant, and the cellar wall was to be so high, and two feet wide at the bottom and eighteen or twenty inches at the top, properly laid, and plastered on both sides.  The underpinning was to be laid eighteen inches high above the cellar wall, and finished in mortar.

The price for the whole work was $1,500. payable in installments as the work progressed, but the entirety of the contract was not thereby severed and the price apportioned to the different parts of the work, but the whole price remained as the consideration for complete performance by the defendant.

When the cellar was dug and a dry wall started, the trustee's attention was called to the wet, sandy, and clayey condition of the soil; and after the character and condition of the soil had been considered by him and the defendant and the mason

doing the work, he inquired of the mason if a dry wall pointed on both sides with mortar would stand to hold the building, and on being told that it would not on that soil, and that a foundation of grouting or cement would have to be constructed and the cellar wall laid in cement, he directed the defendant to build the wall so it would stand regardless of cost, whereupon the defendant, acting under that direction, made a grout foundation for the cellar wall at an increased expense of forty-five dollars, for which the trustee was charged below. This was error, for both parties accepted as true what the mason said, and so it must be taken as true, and being thus taken, it appears that the wall called for by the contract would not have held the building on that soil. It was, therefore, the duty of the defendant under the contract, which was not waived nor modified in this respect, to make the foundation he did, and without extra compensation, for he was bound by implication to do everything necessary to enable him to perform his contract. Thus, in *Trustees of Public Schools* v. *Bennett*, 3 Dutcher 513, 72 Am. Dec. 373, a builder agreed with the owner of land to erect and complete a building thereon for a certain entire price, and the building fell wholly by reason of latent defects in the soil, and it was held that the builder must bear the loss. The court said that if a man agrees to erect a house on a spot where it can not be done without driving piles, he must drive them, because he has agreed to do everything necessary to erect and complete the building; that if the difficulties are apparent on the surface, he must overcome them; if not, but become apparent by excavation or the sinking of the building, the rule is the same; that he must overcome them and erect the building simply because he has agreed to do so—to do everything necessary for that purpose. *Stees* v. *Leonard*, 20 Minn. 494, is precisely to the same effect.

So in *Dermott* v. *Jones*, 2 Wall. 1, 17 L. Ed., 762, it is said that if a man by his contract charges himself with an obligation possible to be performed, he must make it good, unless its performance is rendered impossible by the act of God, the law or the other party, and that unforseeen difficulties, however great, will not excuse him.

These cases follow a long line of cases that have come down

to us from *Paradine* v. *Jane*, Aleyn 26. There the defendant had taken a lease, covenanting to pay rent. He pleaded that such an one, an alien born, enemy to the King and the Kingdom, had invaded the realm with a hostile army of men, and with the same force did enter upon the defendant's possession and him expel, whereby he could not take the profits. On demurrer the plea was adjudged insufficient, and that the defendant ought to pay his rent. And this difference was taken, that where the law creates a duty or imposes a charge, and the party is disabled to perform it without his fault and has no remedy over, there the law will excuse him. But where a party by his own contract creates a duty or imposes a charge upon himself, he is bound to make it good if he may, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract. And therefore if a lessee covenants to repair a house, though it be burnt by lightning or thrown down by enemies, yet he ought to repair it. And the case ends by saying that where there is a covenant to pay, though the land be gained by the sea or made barren by wildfire, yet the lessor shall have his whole rent, and judgment went accordingly.

And though the trustee had promised to pay extra for the subfoundation, the promise would be void for want of consideration, the defendant being already legally bound to build it without such compensation.

But the enlargment of the cellar wall and the laying of it in cement instead of pointing it with mortar, stand different, for the defendant was not bound by the contract to do that, as it specified just how the wall should be built, but having done it at the direction of the trustee, he is entitled to the extra cost of it, and in this respect the judgment is right. It is also right in respect of the brick lining of the underpinning, as that was not called for by the contract as a thing known to be necessary to make the house habitable in this climate nor otherwise.

*Judgment against the principal defendant affirmed. Judgment against the trustee reversed, and judgment against him for $274.09, with interest thereon from the proper time.*