Tʜᴇ McGᴏᴡᴀɴ & Cᴏɴɴᴏʟʟʏ Co., Iɴᴄ., Respondent, *v.* Kᴇɴɴʏ-Mᴏʀᴀɴ Co., Iɴᴄ., Appellant, Impleaded with Lᴏꜰᴛ, Iɴᴄ., Defendant.

First Department, January 11, 1924.

Contracts — action by construction company to foreclose mechanic's lien — plaintiff did not have right to abrogate contract because of delay by architects in approving plans — agreement for extra compensation to induce plaintiff to perform contract is without consideration.

A building contractor does not have the right to abrogate the contract on the ground of delay on the part of the architects in approving the building plans, where, under the terms of the contract, no time is fixed when the plans must be approved and the contractor does not notify the owner of its intention to abrogate the contract unless the plans are approved.

Accordingly, there is no consideration for a subsequent agreement to pay the contractor an extra compensation to induce him to perform the contract where his refusal to perform is based on the delay in the approval of the plans by the architects, for under the circumstances the contractor agreed to do only what it was already bound to do under the existing contract.

Aᴘᴘᴇᴀʟ by the defendant, Kenny Moran Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 5th day of

**618** McGowan & Connolly Co., Inc., *v.* Kenny-Moran Co., Inc.

First Department, January, 1924. [Vol. 207

October, 1922, upon the decision of the court rendered after a trial at the Bronx Special Term.

*Louis Susman*, for the appellant.

*Donnelly & Flynn* [*James F. Donnelly* of counsel; *Frederick J. Flynn* with him on the brief], for the respondent.

Finch, J.:

This is an appeal from a judgment in favor of the plaintiff in an action to foreclose a mechanic's lien, and the sole question presented for decision is whether there was a consideration to support a promise to pay an additional sum of $1,000 over and above the price agreed upon in a written contract. The law on the subject is clear, and the only question is, in what category the facts place the case at bar. In *Schwartzreich* v. *Bauman-Basch, Inc.* (231 N. Y. 196), Judge Crane said: "Any change in an existing contract, such as a modification of the rate of compensation, or a supplemental agreement, must have a new consideration to support it. In such a case the contract is continued, not ended. Where, however, an existing contract is terminated by consent of both parties and a new one executed in its place and stead, we have a different situation and the mutual promises are again a consideration. Very little difference may appear in a mere change of compensation in an existing and continuing contract and a termination of one contract and the making of a new one for the same time and work, but at an increased compensation. There is, however, a marked difference in principle."

In the case at bar the most that the plaintiff shows is that it relied on its right to breach the contract, and that it insisted that it would do so if it was not given the additional compensation. The only cause alleged by the plaintiff as giving it the right to abrogate the contract is that it had been delayed because of the failure of the architects to approve the plans. Under the terms of the contract, there was no time fixed when the plans had to be approved by the architects; and if the plaintiff was to rely on the failure to approve the plans, it should have given notice to the architects, affording them a reasonable time thereafter to approve the plans. In the absence of such a notice that the plaintiff was being prejudiced, there was no right of rescission. (*Taylor* v. *Goelet*, 208 N. Y. 253.) The real grievance of the plaintiff was not the delay in the approval of the plans, but that the price of labor and materials had advanced. As late as June 21, 1920, the plaintiff submitted to the defendant copies of drawings for approval by the architects without complaint of delay in approving such plans. There does not seem to have been any delay to

which the plaintiff objected until the defendant requested the plaintiff to proceed with the work, whereupon the plaintiff informed the defendant that it could not proceed as its drawings had not been approved by the architects; and shortly thereafter there followed the demand by the plaintiff for increased compensation. The burden was on the plaintiff to show that the existing contract was terminated and a new contract was made for the increased price; but this the plaintiff has failed to do. Therefore, the agreement to pay $1,000 was without consideration, as the plaintiff agreed only to do what it was already bound to do under the existing contract. There was, therefore, no rescission, no new contract, and no consideration for the agreement to pay the additional $1,000. (*Carpenter* v. *Taylor*, 164 N. Y. 171.)

It follows that the judgment should be modified by reducing the same to $2,510, with interest and costs, and as so modified affirmed, with costs of this appeal to the appellant.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment modified by reducing same to $2,510, with interest and costs, and as so modified affirmed, with costs to the appellant. Settle order on notice.