No. 13,290.

Richardson et al. *v.* Jordan.
(32 P. [2d] 826)

Decided April 30, 1934.

Mr. John T. Bottom, for plaintiffs in error.

No appearance for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

In an action brought by Calvin Jordan against Nova Eastburn Richardson and Kenneth Grace Richardson, judgment for $110.09 was rendered in favor of the plaintiff. The defendants seek a reversal of the judgment.

The defendants were building a house. They owed some bills for work done and needed $3,500 to pay those bills and to finish the construction of the house. The plaintiff loaned them the money, and received their promissory note payable in three years, with interest at six per cent per annum, interest payable quarterly. The note was secured by a deed of trust of the property. The note and deed of trust were dated and delivered on August 21, 1931, and the latter was filed for record on that date. In order to protect his security against liens for labor and materials, the plaintiff was permitted to pay the construction bills himself with the money loaned by him to the defendants. On September 6, 1931, the plaintiff, according to his testimony, having discovered that there were more unpaid bills than the defendants had represented there were, told the defendants that he had been misled about the unpaid bills; that he could not go ahead on the same basis; that "a new basis would have to be worked"; that otherwise they would have to get their money somewhere else; and that after several conferences, "we came to the agreement they would pay an additional three per cent." The defendants testified that the agreement was to pay an additional one per cent per annum interest on the loan, payable quarterly the same as the six per cent, making the total interest seven per cent per annum for three years. Of course, an additional one per cent per annum for three years would make a total addition of three per cent interest. The

testimony in behalf of the defendants was to the effect that they offered to give a new note bearing seven per cent interest if the plaintiff would return the old note, but that the plaintiff refused to enter into that arrangement because 'the defendants were unwilling to pay the necessary recording and other expenses amounting to $9.50. They testified that their reason for agreeing to pay the additional interest was that it would amount to less than the expense of obtaining a new loan from others. Later on the plaintiff rendered a statement, in which, under date of September 14, is a charge of $105 as additional commission. The defendants testified that that was the first intimation that they had that he claimed the additional three per cent as commission. They refused to pay the demand, and this suit followed.

The plaintiff paid out $5.09 in excess of the loan. The defendants tendered payment thereof before suit and renewed the tender in court. It was refused by the plaintiff.

■ The defendants claimed that the course followed by the plaintiff in the present instance was in line with his customary method of doing business; and they introduced the testimony of one of their neighbors to the effect that he had submitted to a similar exaction under precisely similar circumstances rather than incur the greater expense of obtaining a new loan. That evidence we cannot consider; it has no proper place in the record.

■ There was no consideration for the promise to pay the $105, whether we consider it additional commission or additional interest. The defendants got nothing more than they already were lawfully entitled to, and the plaintiff, in doing what he already was under obligation to do, suffered no detriment. The defendants had borrowed $3,500, and they were entitled to have that amount paid to them or on their account. The refusal of the plaintiff to perform his contract unless the defendants submitted to his exaction, and his promise to perform it if they did, is indefensible in law, and did

not constitute a consideration, which was necessary to support the defendants' promise to pay the additional amount. As the defendants' promise was without consideration, the plaintiff was not entitled to enforce it, and the trial court erred in rendering judgment in his favor. A new trial is unnecessary.

The judgment is reversed, and the trial court is directed to vacate its judgment, and in lieu thereof to enter judgment for the plaintiff for $5.09. That amount, having been tendered, should be paid to the plaintiff. Judgment for costs should be rendered in favor of the defendants.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.