64 P.(2d) 97

**OLLMAN et al. v. HUDDLESTON et al.**

No. 4150.

Supreme Court of New Mexico.

Jan. 5, 1937.

Rehearing Denied Jan. 25, 1937.

David A. Grammer, of Albuquerque, for appellants.

Donald M. Bushnell, of Albuquerque, for appellees.

BRICE, Justice.

The appellants will be styled plaintiffs, and the appellee, Oscar L. Huddleston, defendant.

This suit was brought to recover $1,-853.36 on a promissory note made payable to the plaintiffs and signed by the defendants. The defense was want of consideration and res adjudicata. The defendants for affirmative relief pleaded a counterclaim in the sum of $137.50. The plaintiffs replied to the answer and demurred to the counterclaim. The demurrer was overruled, and the plaintiffs elected to stand thereon. On motion of defendants, judgment was entered on the pleadings, to the effect that plaintiffs take nothing by their suit and the defendants recover $137.50 on their counterclaim.

Plaintiffs in their reply denied some of the allegations in the answer, but these denials were conclusions of fact or law. A careful reading of the answer and reply, which are more or less confusing, shows that the essential facts in the case are not controverted. Under these circumstances the court did not err in considering the motion for judgment on the pleadings.

The essential facts, deduced from the pleadings, are as follows:

In August, 1930, the plaintiffs and the defendant entered into a contract in writing, whereby defendant agreed to construct a dwelling house for the plaintiffs for a consideration of $5,800. At that time plaintiffs had an equity in a residence in Albuquerque, hereafter referred to as the Sycamore avenue property. The contract provided, with reference to this equity, as follows:

"In payment for the above work the parties of the second part agree to assign their contract on the property at 439 N. Sycamore to the party of the first part. Taxes paid to December 31st, 1930. Paving to be assumed by the party of the first part. Unexpired insurance to be turned over to party of the first part, gratis.

"It is understood and agreed that the parties of the second part have the right to continue to live in the property at 439 N. Sycamore until the new house is com-

pleted unless the 439 Sycamore house is sooner sold, in which case they agree to vacate, moving expense to be borne by party of the first part. The equity in the 439 Sycamore house which the parties of the second part transfer to the party of the first part shall be the net equity based upon a price of $6000.00.

"In addition to the equity in the 439 Sycamore house, the party of the first part is to receive the proceeds of a $4300.00 loan, less $200.00 which is to complete the purchase price of a lot on which the new house is to be built; less the expense of obtaining the aforesaid loan."

To secure the $4,300, plaintiffs agreed to mortgage the new house. After the execution of the contract, defendant found a purchaser for the plaintiffs' equity in the Sycamore avenue property and requested its transfer, in accordance with the contract. The plaintiffs refused to do this (though clearly required to under the terms of the contract), unless the defendants would make a note payable to plaintiffs, in an amount equal to the value of such equity. The defendant had sold this property and was under obligation to deliver title, so was compelled to comply with this demand or lose the sale. The defendants executed the note (the one herein sued on), and thereupon plaintiffs transferred their equity in the Sycamore avenue property to defendant, who transferred it to third persons. There was executed with the note, and a part of the same transaction, a memorandum signed by the parties hereto, in the following words:

"Wesley R. Ollman & Myrtle Ollman, formerly Myrtle B. Willson, agree to accept a note for $1,853.36 from Oscar L. Huddleston & Dora Huddleston, his wife as security for their equity in 493 North Sycamore. Note is to be settled by completing of a house now under construction on University Avenue in accordance with the agreement now pending between the parties, above mentioned.

"Wesley Ollman, et al, agrees to sign a Quitclaim Deed to Oscar L. Huddleston, et al. In no way is this Agreement to conflict between the above parties other than transferring the Title of the place from Ollman to Huddleston."

The house was completed and the plaintiffs moved in. The defendant claimed that the plaintiffs were indebted to him in the sum of $6,177.11 for building the house, instead of $5,800 as the original contract provided, on account of extras, which seems not to be denied. That plaintiffs were entitled to the following credits: The proceeds of a loan on the new house in the sum of $3,837.05; $41.75 excess payments on the Sycamore avenue property; and $148.48, cost of the loan, making a total credit of $4,027.28. The plaintiffs were in fact entitled to the further credit of $1,853.36, the value of the equity in the Sycamore avenue property, making a total of $5,860.64. Defendant offered to allow credit for the $1,853.36 if plaintiffs would surrender the

note, but they apparently refused. The defendant filed a mechanic's lien against the property in the sum of $2,149.83, in which amount the value of the equity in the Sycamore avenue property was included and for which he had been paid. This action of defendant violated the provision of the contract to the effect that the defendant should not permit any liens to be filed against the property. Defendant claimed that he included the amount of the equity in the Sycamore avenue property in his claim of lien because advised by counsel that such was necessary to protect himself against the outstanding note. Defendant brought suit to foreclose the lien and process was duly served on plaintiffs, but they made default. The holder of the note for $4,300, secured by the deed of trust, was made a party to this suit; in which she filed a cross-complaint to foreclose the deed of trust because of the filing of the liens. Although process was duly served, the plaintiffs defaulted in that proceeding.

One Zapf, who had secured the loan for the plaintiffs on the new house, had guaranteed the lender that no mechanic's liens would be filed, and, to make his guarantee good, bought defendant's liens. A decree was entered foreclosing the deed of trust, but the decree recited that all of the liens filed had been adjudged of no effect, and "the same are hereby dismissed as having been paid and satisfied." The plaintiffs carried out all their part of the contract and paid over all the money that they agreed to pay to the defendant, but the defendant violated his contract in the particulars heretofore mentioned. By reason of the transaction the plaintiffs lost their interest in the equity of the Sycamore avenue property, worth more than $1,800.

We have taken all of the allegations of fact in the reply, as distinguished from conclusion, as true, because the case was decided on defendant's motion for judgment on the pleadings.

The great weight of authority holds that an agreement to give an additional consideration for the performance of a provision in a contract which the party receiving the consideration is already under obligation to perform is void because without consideration. The following cases support the rule: Vanderbilt v. Schreyer, 91 N.Y. 392; Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L.R.A.(N.S.) 450, 139 Am.St.Rep. 19; Lingenfelder et al. v. Wainwright Brewing Co., 103 Mo. 578, 15 S.W. 844; Hoskins v. Powder Land & Irrigation Co. et al., 90 Or. 217, 176 P. 124, 125; 4 Page on Contracts, § 2463. See case notes to McGovern et al. v. City of New York, 234 N.Y. 377, 138 N.E. 26, 25 A.L.R. 1442; Creamery, etc., Co. v. Russell, 84 Vt. 80, 78 A. 718, 32 L.R.A.(N.S.) 135 and Linz v. Schuck, 106 Md. 220, 67 A. 286, 11 L.R.A.(N.S.) 789, 124 Am.St.Rep. 481, 14 Ann.Cas. 495.

The courts of a few states hold otherwise in some cases, for various reasons stated in their opinions. Linz v. Schuck,

106 Md. 220, 67 A. 286, 11 L.R.A.(N.S.) 789, 124 Am.St.Rep. 481, 14 Ann.Cas. 495; King v. Duluth, M. & N. R. 'Co., 61 Minn. 482, 487, 63 N.W. 1105; Parrot et al. v. Mexican Cent. Ry. Co., 207 Mass. 184, 93 N.E. 590, 594, 34 L.R.A.(N.S.) 261. In the last case cited it is stated: "This limitation in the application of the general rule to such facts is not recognized in England, nor in most of the states in this country. See Abbott v. Doane, 163 Mass. 433–435, 40 N.E. 197, 34 L.R.A. 33, 47 Am.St.Rep. 465 [citing other authorities]. While it is well established in Massachusetts, the doctrine should not be extended beyond the cases to which it is applicable upon the recognized reasons that have been given for it." Some of these decisions recognize the general rule, but make distinctions in exceptional cases. Linz v. Schuck, supra.

█ The written contract provided in substance that plaintiffs should transfer to defendant their equity in the Sycamore avenue property when the new house was built; or when sold, if sold before the new house was completed. Plaintiffs refused to transfer their equity to defendant, though it had been sold, unless defendants would execute and deliver to them the note herein sued on. Defendant was compelled to do so, or lose his sale. Clearly plaintiffs were required under the written contract to do all they promised to and did do under the new agreement. In fact, the supplemental agreement shows that there was no intention to modify the original contract.

The case comes squarely within the rule we have stated.

Plaintiffs allege in substance in their reply the following (which the motion for judgment admits is true):

That defendants should not be heard in their plea of lack of consideration because, at the time the note was made, the contract was wholly executory; that, subsequent to the making of the note, the Sycamore avenue property was conveyed by the plaintiffs to defendant, who transferred it to third persons; that, subsequent to the completion of the new house, and contrary to the terms of the contract, the defendant filed a lien against the new house for an amount which included the value of the equity in the Sycamore avenue property, which he thereafter brought a suit to foreclose and the rights to which defendants sold to a third person.

That plaintiffs relied on the statement of lien filed, and believed that the contract had been amended by agreement by the action of the defendants, so that the note sued on was to be deemed a separate and distinct evidence of indebtedness and contract; that, as a result of defendant's actions, plaintiffs have lost their interest in the Sycamore avenue property and defendant has received value therefor; that plaintiffs have received nothing but the note for the Sycamore avenue property; and that all parties have elected to consider the transfer of the equity as an independent transaction and are now estopped to allege the lack of consideration.

The defendant not only permitted liens to be filed against the new house in violation of the contract, but placed one against it himself, although plaintiffs fulfilled their contract. Defendant claimed further indebtedness and a lien against the premises and received payment in settlement from third parties.

What right did plaintiffs have to rely on the statement of lien filed? They are held to know that the note was given without consideration and was a nullity, and knew that the statement of lien was false. The fact that plaintiffs claimed a lien for the value of the equity in the Sycamore avenue property did not vivify an instrument that never had or could live without a consideration. Defendant claimed a lien to which he was not entitled, and which he could never have enforced had plaintiffs defended the suit. It does appear that no judgment was obtained on the lien account or that the property was foreclosed by reason of the liens; though it also appears that the suit to foreclose the liens (or their filing) was ground for foreclosing the deed of trust by which plaintiffs lost their property.

It is alleged in the answer: "(d) That final decree was entered in said Cause No. 18863 adjudging the claim of this defendant, and the other assigned lien claims, 'to be and the same are hereby dismissed as having been already paid and satisfied,' and foreclosing as against the plaintiffs only the lien of said deed of trust;"

This is not denied. If defendant received anything for his alleged lien, it cost plaintiffs nothing. Defendants cannot be deprived of their defense of want of consideration because plaintiffs relied on a claim they knew was false; nor because (as they alleged) "in such reliance they believed that the contract had been amended by agreement and action of defendant to provide that the promissory note sued on herein was to be deemed a separate and distinct contract." They knew that the contract was not modified and could not have been misled.

We know of no authority to support such contention and none has been cited. The defendants are not estopped to defend upon the ground of want of consideration.

A second estoppel is pleaded to the effect that the foreclosure suit proceeded to final decree and that defendants are estopped to claim "a statement of account different from that on which the former adjudication was based; because these plaintiffs having relied on the former adjudication and materially changing their position with reference thereto, they should not now be misled and caused to suffer loss by defendants' inconsistent statements and positions."

But plaintiffs could not have been misled. They knew as well as the defendants every fact in connection with the case. There is no charge of fraud or any facts that show plaintiffs were misled to their injury.

In re Madison, 32 N.M. 252, 255 P. 630, 632, is cited as approving the following rule, laid down in Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578: "It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."

Aside from the fact that neither the defendants nor their successors succeeded in maintaining their position in the foreclosure suit, if defendants by the rule of law cited are now permitted to deny their claim of lien as filed, it would not give life to an utterly void note, though claimed and filed because plaintiffs held the note. The lien was false and without foundation and violated the contract. It could have been defended against successfully had plaintiffs desired. There is no ground for an estoppel.

The defendant by counterclaim sued to recover $137.50 he had paid on taxes on the Sycamore avenue property, which, under the terms of the contract, plaintiffs had agreed to pay. It was alleged " * *. * that when this defendant found a purchaser for said equity, as hereinbefore set forth, the plaintiffs neglected and refused to pay such taxes and this defendant, in order to carry out a deal which he had negotiated for said equity on the faith of said contract, Exhibit 'A,' was compelled to assume and ultimately pay such taxes in the amount of One Hundred Thirty-seven Dollars Fifty Cents ($137.50) as of September 8, 1930."

Plaintiffs demurred to the allegations of counterclaim upon the ground "that the counterclaim does not allege that the sums and moneys claimed to have been expended therein by Defendants, were so expended at the instance and request of these Plaintiffs."

Plaintiffs contracted with defendant to pay the taxes, with the understanding that the property would be sold. They knew that, unless plaintiffs would pay the taxes as agreed, defendant would necessarily have to pay them to deliver title to the property. Under these facts defendant was not a mere volunteer; but there was an implied promise on the part of plaintiffs to refund the money defendant was compelled to pay for their benefit. Tuttle v. Armstead, 53 Conn. 175, 22 A. 677; 13 C. J. title Contracts, § 10.

The judgment of the district court is affirmed, and the cause remanded.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.