**PITTSBURGH TESTING LABORATORY, a corporation, Appellant,**

v.

**FARNSWORTH & CHAMBERS CO., Inc., a corporation, Appellee.**

No. 5661.

United States Court of Appeals Tenth Circuit.

Jan. 6, 1958.

R. L. Davidson, Jr., Tulsa, Okl. (Joe B. Houston, Tulsa, Okl., was with him on the brief), for appellant.

John H. Poe, Tulsa, Okl. (Austin Wilson, Houston, Tex., was with him on the brief), for appellee.

Before PHILLIPS, MURRAH and BREITENSTEIN, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment of the District Court invalidating, for lack of consideration, an oral contract to pay additional compensation for services rendered in connection with the performance of an antecedent written contract. Jurisdiction is based upon diversity of citizenship and requisite amount in controversy.

According to the unchallenged findings of the trial court, the appellant, Pittsburgh Testing Laboratory, entered into a written subcontract with the appellee, Farnsworth & Chambers, Inc., under the terms of which the Testing Company agreed to do all of the testing and inspection of materials required under a master contract between Farnsworth and the Douglas Aircraft Corporation for the construction of concrete ramps and runways at Tulsa, Oklahoma. The consideration for the performance of the service was $24,450, to be paid in seven monthly installments, less ten percent retainage until completion of the contract. In the preliminary negotiations, Farnsworth estimated that the job would be completed in seven months, or October 15, 1952, on the basis of a ten-hour day, sixty-hour work week, and that the Testing Company's work would be concluded about November 1. While these representations undoubtedly formed the basis for Pittsburgh's proposal and for the lump sum compensation in the contract, there was no guarantee of a completion date or hour work week. Before the end of the seven months period, and in September 1952, it became manifest that the contract would not be completed within the estimated time, due principally to the necessity of moving 1,200,000 tons of dirt or material instead of the estimated 600,000 tons. A controversy thereupon arose between the parties as to Pittsburgh's obligation under the written contract and Farnsworth's liability for overtime compensation to Pittsburgh's personnel for work in excess of the sixty-hour week. Pittsburgh was told by Farnsworth's representatives that if it would continue to perform its services, it would be compensated. When, however, no payments were made in December 1952, Pittsburgh refused to proceed unless a new contract was entered into providing payment for the remaining work at the rate of $3,492.85 per month from November 1 until the completion of the work, plus time and one-half for all man hours worked over sixty hours per week. On December 20, the parties entered into an oral contract to that effect and Pittsburgh continued to perform the same service and to submit invoices for the monthly compensation, and separate invoices for overtime pay in excess of the sixty hours per week. Although Farnsworth did not remit for the invoices or reply to Pittsburgh's persistent statements, it made no protest or objection to either the statements for the stipulated additional compensation or the separate statements for the overtime. After the work was completed in the Spring of 1953, and Pittsburgh had been paid the balance of the retainage under the original contract, Farnsworth finally repudiated the oral agreement and this suit followed.

The trial court specifically found that at the time of making the oral contract to pay additional compensation, plus overtime, a bona fide dispute existed between the parties concerning their respective obligations under the written contract. The trial court also specifically found, however, that the Testing Company performed no services pursuant to the oral contract which it was not already bound to do by the terms of the written contract. Based on these findings, the trial court finally concluded that the oral contract was unenforceable for want of consideration, and that Farnsworth was not estopped to defend on that basis.

It is the general rule, followed in Oklahoma where this contract was made and performed, that a promise to pay additional compensation for the doing of that which the promisee is already legally bound to do or perform, is insufficient consideration for a valid and enforceable contract. Jackson Materials Co. v.

Grand River Dam Authority, 197 Okl. 353, 170 P.2d 552; Watson v. American Creosote Works, Inc., 184 Okl. 13, 84 P.2d 431; Home Owners' Loan Corp. v. Thornburgh, 187 Okl. 699, 106 P. 2d 511; Smith v. Phillips Pipe Line Co., D.C., 128 F.Supp. 61; Annotation, 12 A.L.R.2d 78; 17 C.J.S. Contracts § 110, p. 463; 1 Williston Contracts, Rev. Ed., § 130, p. 433. Of course there are exceptions to the rule, the oldest of which is the one recognized only in Massachusetts, to the effect that a new promise given to the promisee who has elected not to perform a subsisting contract on penalty of damages constitutes sufficient consideration. See Swartz v. Lieberman, 323 Mass. 109, 80 N.E.2d 5, 12 A.L.R.2d 75. But, this doctrine has been repudiated as an exaction akin to extortion. Richardson v. Jordan, 95 Colo. 56, 32 P. 2d 826; Ollman v. Huddleston, 41 N.M. 75, 64 P.2d 97; McGowan & Connolly Co. v. Kenny-Moran Co., 207 App.Div. 617, 202 N.Y.S. 513; Smith v. Brown, 50 Utah 27, 165 P. 468; Western Lithograph Co. v. Vanomar Producers, 185 Cal. 366, 197 P. 103; King v. Duluth, M. & N. Ry. Co., 61 Minn. 482, 63 N.W. 1105; Annotation, 12 A.L.R.2d 78; 1 Williston Contracts, Rev.Ed., § 130A, p. 445.

Another more widely accepted exception might properly be called the "unforeseeable difficulties exception", under which the courts have recognized the equities of a promise for additional compensation based upon extraordinary and unforeseeable difficulties in the performance of the subsisting contract. In these circumstances, the courts generally sustain the consideration for the new promise, based upon standards of honesty and fair dealing and affording adequate protection against unjust or coercive exactions. See Blakeslee v. Board of Water Commissioners of City of Hartford, 106 Conn. 642, 139 A. 106, 55 A.L.R. 1319; Grand Trunk Western R. Co. v. H. W. Nelson Co., 6 Cir., 116

F.2d 823, 834; Lange v. United States, 4 Cir., 120 F.2d 886; Evergreen Amusement Corp. v. Milstead, 206 Md. 610, 112 A.2d 901; Restatement Contracts, § 76, Comment 8; See cases and comment 12 A.L.R.2d § 6, p. 107.

As far as we can determine, Oklahoma courts have not had occasion to embrace or reject what seems to us a salutary exception to the rule. But, there can be no doubt that the oral contract was made in the face of unforeseen and substantial difficulties—circumstances which were not within the contemplation of the parties when the original contract was made, and which were recognized when the subsequent oral contract was entered into. The performance of the contract took more than twice as long as the parties estimated. Pittsburgh's primary cost was expensive skilled labor, and the consideration for the contract was necessarily based upon the estimated time required for performance. We should be content to sustain the contract on the assumption that the Oklahoma courts would recognize and apply the so-called unforeseen difficulties exception in a case like ours. But the contract need not rest upon that ground alone. There can be no doubt that an agreement which compromises a bona fide dispute concerning duties and obligations under a subsisting contract, is supported by valid consideration and is enforceable. Board of Education of City of Albuquerque v. American National Bank of Oklahoma City, 8 Cir., 294 F. 14; Middlesex Concrete Products & Excavating Corp. v. Northern States Imp. Co., 129 N.J.Eq. 314, 19 A.2d 48; Melotte v. Tucci, 319 Mass. 490, 66 N.E. 2d 357; cases collected 25 A.L.R., Sec. VII, p. 1468. The trial court's specific finding in that regard is amply supported by the evidence, and we hold the contract valid and enforceable. The judgment is accordingly reversed.