641 P.2d 546

**Richard M. BURT, Plaintiff,**

v.

**Fred Robert HORN and Essie B. Horn, his wife, Defendants, Cross-Plaintiffs, Appellants,**

and

**Timothy George Henthorn and George Henthorn, Defendants, Cross-Defendants, Appellees.**

**No. 5170.**

Court of Appeals of New Mexico.

Feb. 16, 1982.

Sam Snoddy, Malone & Snoody, El Paso, Tex., for defendants, cross-plaintiffs, appellants.

Bruce Lowenhaupt, Las Cruces, for defendants, cross-defendants, appellees.

OPINION

SUTIN, Judge.

Horn appeals from a judgment in favor of Henthorn in the sum of $2,960.71. We affirm.

The trial court found:

1. That by contract executed on July 2, 1978, Henthorn agreed to construct a house for Horn for a consideration equal to cost plus 30% but not to exceed $63,280.

2. Subsequently, construction began, certain extras had been agreed to by the parties, and as of January 8, 1979, Horn had paid Henthorn $70,838.

3. On January 8, 1979, the parties agreed to change their original agreement so that Horn was to pay an additional $20,-000, $11,000 of which was to be paid forthwith, and $9,000 to be paid to the First National Bank in Dona Ana County and held by it for payment to Henthorn upon completion of the contract.

4. $11,000 was paid to Henthorn and $9,000 was paid to the First National Bank. This $9,000 was subsequently returned to Horn and was never paid to Henthorn.

5. Henthorn was obligated to substantially complete construction by February 28, 1979 and did so except for the following:

(a) The septic tank installed by Henthorn did not comply with law and $1,875 is required to effect compliance.

(b) In certain other regards construction was not done in a good and workmanlike manner, and $2,000 is required to have it done.

(c) Henthorn failed to pay certain subcontractors sums due them totalling $1,521.29, which sums were paid by Horn.

6. Horn had a committment for a permanent loan which they could not close because of noncompliance of the septic tank.

7. In mitigation of damages, Horn should have remedied the said noncompliance of the septic tank and closed the permanent loan on July 19, 1979.

8. By reason of noncompliance of the septic tank Horn was damaged in the sum of $643.00, this being the difference between the interest paid by Horn on the interim loan from February 28, 1979 until July 19, 1979, and the interest they would have been obligated for on the permanent loan during the same period of time.

The court concluded:

1. $9,000 is due and owing Henthorn against which there should be offset the sum of $6,039.29.

2. Henthorn should be awarded judgment against Horn in the sum of $2,960.71.

A. *The second contract of January 8, 1979 was supported by consideration.*

On July 2, 1978, by simple letter from Henthorn to Horn and accepted by Horn, Henthorn stated that:

1. Henthorn would construct a residence for Horn per plans and specifications for construction cost plus 30% but not to exceed $63,280.00.

2. Henthorn will use diligence to facilitate and hasten construction in accordance with the Building Code of New Mexico and shall be subject to building inspections by the Building Department of Las Cruces, New Mexico.

3. Henthorn will expect weekly draws to cover cost of construction, and

4. The name and address of Henthorn's accountant.

On January 8, 1979, by a long, detailed letter from Horn to Henthorn, accepted by Henthorn, Horn stated the terms of the July 2, 1978 contract. Thereafter, Horn added:

1. There have been some change orders pursuant to Horn's request.

2. Henthorn had not finished construction nor the change orders.

3. Horn agreed to pay an additional $11,000 to Henthorn and $9,000 to be held by the First National Bank, subject, however, to an additional condition that Henthorn will complete the home with diligence, pay all suppliers, materialmen and labor and present an affidavit that all has been paid.

4. Henthorn shall specifically carry out and complete each of the following, described in detail:

(a) Wrought Iron
(b) Pump House
(c) Cement Work
(d) Air Vents
(e) Bricks
(f) Light Fixtures
(g) Sand Trap for drainage
(h) Install speakers and speaker grills
(i) Floor Covering
(j) Appliances
(k) Bathrooms
(*l*) Painting
(m) Cabinets
(n) Wallpaper
(*o*) Electrical System
(p) Plumbing and Heating System
(q) Carpeting
(r) Home Owners Warranty Policy

(s) All bills delivered to Horn on completion

(t) Taxes

The letter concluded:

As indicated in your letter, the house shall be completed in accordance with the building codes of New Mexico and shall be subject to building inspection by the Building Department of the City of Las Cruces, Dona Ana County, New Mexico.

Horn seeks to recover the $11,000 paid Henthorn under the January 8, 1979 agreement. Horn argues that the trial court erred in finding that this second contract was valid in that no consideration therefor was present. He seeks application of the general rule that "the promise to do what a person is already obligated by law or contract to do is not sufficient consideration for a promise made in return." *Hale v. Brewster*, 81 N.M. 342, 345, 467 P.2d 8 (1970); *In re Quantius' Will*, 58 N.M. 807, 277 P.2d 306 (1954); *Munro v. City of Albuquerque*, 48 N.M. 306, 150 P.2d 733 (1943).

The rule applicable here was specifically stated in *Ollman v. Huddleston*, 41 N.M. 75, 78, 64 P.2d 97 (1937):

The great weight of authority holds that an agreement to give an additional consideration for the performance of a provision in a contract which the party receiving the consideration is already under obligation to perform is void because without consideration.

Restatement (Second) Contracts, § 71(1) defines "consideration":

To constitute consideration, a performance or a return promise must be bargained for.

For "performance of legal duty," see § 73.

On its face, the second contract of January 8, 1979, shows that performance and a new promise were bargained for. This fact constituted consideration. We cannot assume that the twenty items set out in the second contract were items Henthorn was already obligated to do in the first contract.

No reference is made to any evidence in the record to support Horn's position. No reference is made to the plans and specifications in the first contract that Henthorn was required to perform.

The trial court found that on "January 8, 1979, the parties agreed *to change* their original agreement * * *." To overcome this finding, Horn was under a duty to state the substance of all evidence bearing upon the proposition and show that no substantial evidence supported this finding. This duty was not performed. In fact, Mr. Horn testified that he did not start talking to Mr. Henthorn until he was advised "to make arrangements with him for a *new contract* to complete the house * * *. We made such an agreement." [Emphasis added.] This testimony established that the second contract had consideration because it was bargained for.

Section 38–7–2, N.M.S.A.1978 reads:

Every contract in writing hereafter made shall import a consideration in the same manner and as fully as sealed instruments have heretofore done.

■ "The language 'import a consideration', as used in the statute means, in the absence of evidence on the point, that it will be presumed that there was a sufficient consideration and the burden of proof on the question is on the party denying the existence of consideration." *Missouri Wesleyan College v. Shulte*, 346 Mo. 628, 142 S.W.2d 644, 647–8 (1940). "Where the instrument upon its face bears the evidence of its infirmity and lack of consideration, it without more furnishes the proof which destroys said presumption." *In re Quantius' Will*, 58 N.M. at 822–3, 277 P.2d 306. The contract of January 8, 1979, does not bear evidence of infirmity and lack of consideration. It is not subject to any proof that destroys the presumption.

*Munro, supra,* quotes an exception to the general rule from 17 C.J.S., Contracts, § 110:

"[A]s a general rule, the performance of, or promise to perform, an existing legal obligation is not a valid consideration, except where the very existence of the duty is a subject of honest and reasonable dispute." [48 N.M. 315, 150 P.2d 733.]

This exception creates consideration for a new contract. *Board of Education v. American Nat. Bank*, 294 F. 14 (8th Cir. 1923) arose out of the District Court of the United States for the District of New Mexico. It quoted the following rule:

"If disputes have arisen under a contract, and the parties thereto enter into a new contract as a means of adjusting such disputes, such adjustment of disputes is a sufficient consideration." [Id. 19.]

For other exceptions, see, *Pittsburgh Testing Lab v. Farnsworth & Chambers Co.*, 251 F.2d 77 (10th Cir. 1958).

The disputes between Horn and Henthorn which led to the execution of the second contract on January 8, 1979, established sufficient consideration to hold it valid.

We hold that the second contract of January 8, 1979 was supported by consideration.

Horn has raised two additional points in this appeal. The second point is that the trial court erred in awarding Henthorn the final payment of $9,000 under the terms of the second contract for failure to comply with conditions precedent. The third point is that Horn was entitled to a greater amount of interest as damages than $642.00 because he could not secure long-term financing as a result of Henthorn's conduct in failing to timely complete the house. We have reviewed the facts and the law on these points and do not believe that they merit discussion. There was substantial evidence to support the findings of the trial court, and we therefore affirm.

Horn shall pay the cost of this appeal.

IT IS SO ORDERED.

WALTERS, C. J., and DONNELLY, J., concur.